DA 08-0631

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 355

IN THE MATTER OF:

Appeal of Cascade County District Court
Cause No. CDJ 08-0133(A)

Involving a Youth Under the Age of Eighteen.

APPEAL FROM:     District Court of the Eighth Judicial District,
                 In and For the County of Cascade, Cause No. CDJ 08-133(A)
                 Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Jim Wheelis, Chief Appellate Defender; Kelli S. Sather, Assistant
                Appellate Defender, Helena, Montana

        For Appellee:

                Hon. Steve Bullock, Montana Attorney General; Jonathan M. Krauss
                Assistant Attorney General, Helena, Montana

                John Parker, Cascade County Attorney; Matthew S. Robertson,
                Deputy County Attorney, Great Falls, Montana

                                Submitted on Briefs:  September 3, 2009

                                        Decided:  October 27, 2009

Filed:

_____
                        Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Appellant Youth D.W.B. appeals from the denial of his motion to dismiss and dispositional order of the Youth Court of the Eighth Judicial District Court, Cascade County. We affirm.

¶2 After unsuccessfully attempting to withdraw from a consent adjustment without petition (consent adjustment) before the Youth Court, D.W.B. raises the following issues:

¶3 Whether § 41-5-1512, MCA, is unconstitutional on its face and as applied.

¶4 Whether the Youth Court lacked jurisdiction to revoke D.W.B.'s consent adjustment and order disposition.

¶5 Whether D.W.B. should be allowed to withdraw his consent adjustment at any time.

## BACKGROUND

¶6 Appellant Youth D.W.B. was cited for misdemeanor criminal trespass to property and minor in possession of alcohol (MIP) on June 10, 2007. D.W.B. pled guilty to the MIP in justice court. For the criminal trespass citation, D.W.B. entered into a consent adjustment, signed by D.W.B., his parent, the deputy and chief probation officers, a deputy county attorney, and the youth court judge. On October 4, 2007, the Youth Court approved the consent adjustment and ordered "informal probation" for approximately nine months with conditions.

¶7 The State filed a petition to revoke the consent adjustment on June 17, 2008, based on a Youth Court Services report of violation alleging that D.W.B. had violated four

2

conditions of his consent adjustment and probation. D.W.B. objected to the proceeding to revoke the consent adjustment and filed a motion to dismiss, challenging the constitutionality of § 41-5-1512, MCA, on due process grounds. Counsel for D.W.B. informed the court that the Youth and his mother were confused when they signed the consent adjustment, and D.W.B. would have denied the trespass claim and demanded a trial had he known the details of the complaint. The court denied the motion to dismiss on September 26, 2008, concluding the statute was constitutional.

¶8 At the evidentiary hearing on the petition to revoke the consent adjustment, D.W.B. moved for reconsideration of the motion to dismiss, which the court denied. D.W.B. pled "true" that he had violated two conditions of his consent adjustment probation (skipping school, and consuming alcohol or drugs). The court revoked the previous conditions of probation imposed by the consent adjustment and extended D.W.B.'s probation until January 31, 2009, with conditions attached and incorporated into the order. D.W.B. now appeals.

## STANDARD OF REVIEW

¶9 Statutes enjoy a presumption of constitutionality and the person challenging a statute's constitutionality bears the burden of proving it unconstitutional beyond a reasonable doubt. *State v. Knudson*, 2007 MT 324, ¶ 12, 340 Mont. 167, 174 P.3d 469. The constitutionality of a statute is a question of law. *Knudson*, ¶ 12. This Court exercises plenary review of questions of constitutional law, and reviews a district court's application of the Constitution to determine if it is correct. *Knudson*, ¶ 12.

3

¶10   This Court reviews a youth court's interpretation and application of the Youth Court Act for correctness. *In re K.D.K.*, 2006 MT 187, ¶ 15, 333 Mont. 100, 141 P.3d 1212.

## DISCUSSION

¶11   *Whether § 41-5-1512, MCA, is unconstitutional on its face and as applied.*

¶12   A consent adjustment without petition is an informal tool used by a probation officer when a youth is alleged to have violated the law but the probation officer does not believe it would be in the best interests of the youth, the family, and the public to file a formal petition.  A consent adjustment allows the State to rehabilitate the youth through probation or other dispositions without charging the youth formally.  *See* Youth Court Act, Title 41, Chapter 5, Part 13 Informal Proceeding.  Section 41-5-1512(1), MCA, regarding the disposition of youths who violate consent adjustments, provides in relevant part:  "[i]f a youth is found . . . to have violated a consent adjustment, the youth court may enter its judgment making one or more of the following dispositions:  (a) place the youth on probation.  The youth court shall retain jurisdiction in a disposition under this subsection."

¶13   D.W.B. argues that § 41-5-1512, MCA, is unconstitutional because it allows the State and the youth court to proceed from an informal consent adjustment, in which the youth makes admissions and agrees to conditions without the advice of counsel, to a formal revocation and disposition without requiring the State to formally charge the youth.  In particular, D.W.B. claims that § 41-5-1512, MCA, permits the youth court to accept the consent adjustment "admission" as an admission of "true" to a criminal

4

offense and proceed to formal disposition without assurances that the admission was voluntary, knowing, and intelligent. D.W.B. argues that § 41-5-1512, MCA, allows the State to use a consent adjustment as an admission of a crime and bypass requirements to prove the underlying offense and grant certain constitutional protections.

¶14     D.W.B. misses the critical distinction implicit in informal proceedings, which precludes adjudication of the youth as either a delinquent youth or a youth in need of intervention and any resulting commitment to Department of Corrections' facilities. *Compare* §§ 41-5-1304 and -1512, MCA, *with* § 41-5-1513(1)(b), MCA.  Montana recognizes that youths are to be given special treatment by the courts.  The youth court system is designed to promote individual rehabilitation and allow young people to learn positive lessons from their transgressions.  In youth court, these young people are not subject to the same criminal sanctions as are adults.  An express legislative purpose of the Montana Youth Court Act is "to prevent and reduce youth delinquency through a system that does not seek retribution but that provides:  (a) immediate, consistent, enforceable, and avoidable consequences of youths' actions; (b) a program of supervision, care, rehabilitation, detention, competency development, and community protection for youth before they become adult offenders[.]"  Section 41-5-102(2), MCA; *In re D.A.S.*, 2008 MT 168, ¶ 11, 343 Mont. 360, 184 P.3d 349; *Matter of S.L.M.*, 287 Mont. 23, 35-36, 951 P.2d 1365, 1373 (1997).

¶15     Due process guarantees of right to counsel generally attach when an individual is charged with a criminal offense that could result in the individual being incarcerated. *See*

*Lassiter v. Dept. of Soc. Servs. of Durham Co., N.C.*, 452 U.S. 18, 25-27, 101 S. Ct. 2153, 2158-59 (1981); *In re Gault*, 387 U.S. 1, 41, 87 S. Ct. 1428, 1451 (1967); *State v. Buck*, 2006 MT 81, ¶ 33, 331 Mont. 517, 134 P.3d 53. Incarceration is not authorized under the informal proceedings of the Youth Court Act. Moreover, there were no violations of due process here. The consent adjustment was signed both by the youth and his parent and it was approved by the judge. The consent adjustment advised D.W.B. of his basic legal rights guaranteed by law and that violations might result in a formal dispositional hearing resulting in any disposition contained in § 41-5-1512, MCA. The Youth Court held hearings at which D.W.B. was represented by counsel and entitled to contest the allegations that he violated his probation. Furthermore, by admitting to violations of the consent adjustment, D.W.B. waived any claim that the State failed to bear its burden of proof.

¶16 By permitting the youth court to enforce the violation of informal consent adjustments without requiring a petition or finding that a youth is delinquent or in need of intervention, § 41-5-1512, MCA, has a reasonable and rational relation to the express statutory purposes of the Youth Court Act. When D.W.B. violated the consent adjustment, the State did not seek retribution and punishment for the underlying criminal trespass, nor for D.W.B.'s underage drinking, but instead sought a continuation of D.W.B.'s probation to provide immediate, consistent, enforceable, and avoidable consequences of the youth's actions and a program of supervision, care, rehabilitation, competency development, and community protection. *See* § 41-5-102(2), MCA.

6

D.W.B.'s approach would elevate every violation of an informal consent adjustment to delinquency proceedings.

¶17 We agree with the District Court's reasoning that § 41-5-1512, MCA, is constitutional as drafted:

> [T]he plain meaning of the statute allows a court to impose a disposition upon a youth who is found to have violated the terms of a consent adjustment without going through the formal proceedings as the dispositions provided for under the act are designed to promote the welfare of the youth and uphold the purposes of the Montana Youth Court Act and they are not punitive, but are consistent, enforceable, and avoidable consequences of the youth's failure to comply with the terms of his agreement with the State.

D.W.B. fails to prove § 41-5-1512, MCA, unconstitutional beyond a reasonable doubt and the District Court was correct in finding the statute constitutional.

¶18 *Whether the Youth Court lacked jurisdiction to revoke D.W.B.'s consent adjustment and order disposition.*

¶19 D.W.B. argues that the Youth Court lacked jurisdiction to revoke the consent adjustment between the probation officer and the youth and his family. D.W.B. argues that § 41-5-203(1), MCA, does not confer jurisdiction upon a youth court to determine matters pertaining to a consent adjustment. The statute provides:

> [T]he court has exclusive original jurisdiction of all *proceedings* under the Montana Youth Court Act in which a youth is alleged to be a delinquent youth or a youth in need of intervention or concerning any person under 21 years of age *charged* with having violated any law of the state or any ordinance of a city or town other than a traffic or fish and game law prior to having become 18 years of age.

Section 41-5-203(1), MCA (emphasis added.) D.W.B. notes that a consent adjustment does not invoke a youth court "proceeding," nor does it "charge" a youth with a criminal

7

offense or allege that a youth is delinquent or a youth in need of intervention. Furthermore, D.W.B. argues that because no complaint or petition was filed against the youth, and because the probation officer and the youth were in agreement, then there was no pending controversy between adverse parties for the Youth Court to decide and render judgment. Without a controversy, D.W.B. claims there is no jurisdiction.

¶20 The Youth Court Act expressly confers jurisdiction on the youth court over all matters involving offenses committed by youth, whether disposed of through formal or informal proceedings. Section 41-5-203(1), MCA, provides original jurisdiction over cases involving persons under the age of 18. *State v. Andersen-Conway*, 2007 MT 281, ¶ 15, 339 Mont. 439, 171 P.3d 678. Section 41-5-1205, MCA, expressly provides for informal dispositions (i.e. consent adjustments) in youth court, in addition to formal dispositions. More specifically, § 41-5-1301(2), MCA, provides for

> treatment or adjustment involving probation or other disposition authorized under 41-5-1302 through 41-5-1304 if the treatment or adjustment is voluntarily accepted by the youth's parents or guardian and the youth, if the matter is referred immediately to the county attorney for review, and if the probation officer or assessment officer proceeds no further unless authorized by the county attorney.

Additionally, the Youth Court Act expressly provides jurisdiction to the youth court to order disposition when a youth violates a consent adjustment. Section 41-5-1512(1), MCA. Finally, the Youth Court approved the consent adjustment here with specific language that made its jurisdiction clear: "FOR GOOD CAUSE SHOWN, THE FOREGOING CONSENT ADJUSTMENT AND ORDER IS APPROVED BY THE

8

COURT AND HENCEFORTH SHALL BE ENFORCEABLE AS AN ORDER OF THE COURT."

¶21 *Whether D.W.B. should be allowed to withdraw his consent adjustment at any time.*

¶22 D.W.B. argues that the voluntary, informal nature of the consent adjustment proceedings requires that a youth be allowed to withdraw his acceptance of the agreement at any time. However, nothing in the record shows that D.W.B. ever requested permission from the Youth Court to withdraw his consent adjustment. "As a general rule, a party may raise on direct appeal only those issues and claims that were properly preserved." *State v. West*, 2008 MT 338, ¶ 16, 346 Mont. 244, 194 P.3d 683. We therefore decline to address this issue since it was not raised in the District Court.

¶23 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS

Justice James C. Nelson, specially concurring.

¶24 I concur in the Court's Opinion based on the facts at issue here and the procedural posture of this case.

/S/ JAMES C. NELSON