FILED

April 20 2011

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 10-0244

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 83

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

ANTHONY VINCENT OTTEN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Seventeenth Judicial District,
In and For the County of Valley, Cause No. DC 09-30
Honorable John C. McKeon, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Jeremy S. Yellin; Attorney at Law; Havre, Montana

      For Appellee:

      Steve Bullock, Montana Attorney General; Mardell Ployhar, Assistant
Attorney General; Helena, Montana

      C. David Gorton; Glasgow City Attorney; Glasgow, Montana

Submitted on Briefs:  February 23, 2011

Decided:  April 20, 2011

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1     Anthony Vincent Otten (Otten) appeals from the judgment of the Valley County District Court, where he was convicted of operating a motor vehicle while declared to be a habitual traffic offender, a misdemeanor in violation of § 61-11-213, MCA. We consider the following issues on appeal:

¶2     *I.    Whether the District Court's denial of Otten's motion to dismiss was erroneously premised on an incorrect definition of "motor vehicle."*

¶3     *II. Whether the District Court erred in denying Otten's motion to dismiss on the ground that there was insufficient evidence to support the verdict.*

¶4     *III. Whether the District Court erroneously instructed the jury on the definition of "motor vehicle."*

## FACTUAL AND PROCEDURAL BACKGROUND

¶5     On May 24, 2009, Glasgow police received a call from Josh Thompson, placed from Ezzie's Wholesale gas station. Thompson told police he had observed Otten pull in to Ezzie's, fill up his four-wheeler, and speed out of the lot in a "wheelie," leaving tire marks in the gravel and on the pavement. Thompson recognized Otten as they had previously worked together doing ranch work in the area, and recognized his distinctive gray Yamaha Raptor four-wheeler from numerous previous instances. In response to Thompson's call, Officer Tyler Edwards arrived at Ezzie's to talk to Thompson. Thompson again relayed what he had observed, and pointed out the tire marks to Edwards. Edwards took several pictures of the marks, and attempted to find Otten in the few hours remaining before nightfall, but was unsuccessful. Edwards had also known

2

Otten for a number of years, and had seen Otten riding his gray four-wheeler around town numerous times.

¶6 Two days later, Edwards observed Otten riding his four-wheeler near Highway 2. He approached Otten and issued him a Notice to Appear and Complaint that forms the basis of the charge at issue. On October 14, 2009, Otten was convicted in Glasgow City Court for violation of § 61-11-213, MCA. He appealed the judgment to Valley County District Court. The District Court held a trial in front of a six-person jury on April 29, 2010, after which the jury returned a verdict of guilty on the sole charge. Otten stipulated that he was a habitual traffic offender whose license was revoked on the alleged date of the offense. He disputed only that the State could prove he was operating a motor vehicle at the time.

¶7 Near the close of trial, Otten moved for a "directed verdict." He based this motion on the claim that the State presented insufficient evidence to show that Otten's four-wheeler met the definition of a motor vehicle in § 61-1-101(40)(a)(ii), MCA. Otten argued that because subsection (ii) makes specific reference to quadricycles, it alone was available for the State to prove that he was operating a motor vehicle. The State responded, and the court agreed, that the two subsections in the definition were phrased in the disjunctive, and that a four-wheeler such as Otten's could qualify as a motor vehicle under either § 61-1-101(40)(a)(i) or (ii), MCA. In response, Otten maintained that insufficient evidence was presented to convict him under subsection (i) regardless. Otten also objected to the jury instruction incorporating both subsections of the definition on the same basis. The court rejected Otten's motion and objection to the jury

instruction, concluding that sufficient evidence supported the State's argument that Otten's four-wheeler met the definition of a "motor vehicle" under subsection (i), and that subsection (i) was properly applied to the case.

¶8 On appeal, Otten challenges the District Court's ruling on his motion and objection to jury instruction resulting from its incorporation of both subsections of § 61-1-101(40)(a), MCA, in the definition of "motor vehicle." He also contends that insufficient evidence was presented to meet the definition relied upon by the District Court. While Otten and the State both address the sufficiency of evidence presented under subsection (ii), the resolution of these arguments is not necessary to our decision.

### STANDARD OF REVIEW

¶9 As a preliminary matter, Otten's motion, framed as a motion for directed verdict of acquittal, is correctly named a "motion to dismiss for insufficient evidence." Section 46-16-403, MCA; *State v. McWilliams*, 2008 MT 59, ¶ 36, 341 Mont. 517, 178 P.3d 121. We review the denial of a motion to dismiss for insufficient evidence *de novo*. *Id*. at ¶ 37.

¶10 A district court's decision pertaining to jury instructions is reviewed for an abuse of discretion. *Goles v. Neumann*, 2011 MT 11, ¶ 9, 359 Mont. 132, 247 P.3d 1089. While the district court's discretion is broad, it is restricted by the overriding principle that jury instructions must fully and fairly instruct the jury regarding the applicable law. The instructions must prejudicially affect the defendant's substantial rights to constitute reversible error. *Id.* (citing *State v. Christiansen*, 2010 MT 197, ¶ 7, 357 Mont. 379, 239 P.3d 949).

4

**DISCUSSION**

¶11 *I. Whether the District Court's denial of Otten's motion to dismiss was erroneously premised on an incorrect definition of "motor vehicle."*

¶12 Under § 46-16-403, MCA, a criminal defendant may move to dismiss the action at the close of the prosecution's evidence or at the close of all evidence where the evidence is insufficient to support a verdict of guilty. The evidence is viewed in the light most favorable to the prosecution, and a grant of the motion is appropriate only if there is not sufficient evidence upon which a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *State v. Cybulski*, 2009 MT 70, ¶ 42, 349 Mont. 429, 204 P.3d 7.

¶13 Otten was charged with operating a motor vehicle while declared to be a habitual traffic offender, a misdemeanor under § 61-11-213, MCA. The sole element of the crime for which Otten contends the State's evidence was insufficient is that he was "operating a motor vehicle." He argues that the State presented evidence that he was driving a "motor vehicle" only as that term is defined in § 61-1-101(40)(a)(i), not as defined in § 61-1-101(40)(a)(ii), which he contends is the only correct definition. Section 61-1-101, MCA, defines numerous terms used in Title 61, Motor Vehicles. The definition at issue is as follows:

> (40) (a) "Motor vehicle" means:
>   (i) a vehicle propelled by its own power and designed or used to transport persons or property upon the highways of the state; and
>   (ii) a quadricycle if it is equipped for use on the highways as prescribed in chapter 9.

¶14 The District Court heard oral argument on Otten's motion to dismiss at trial. The parties made substantially the same arguments in open court as they do on appeal. Otten contends that because subsection (ii) specifically applies to quadricycles, subsection (i) cannot be interpreted to also include quadricycles within its definition. Under this analysis, Otten maintains, the State must show that his quadricycle is "equipped for use on the highways as prescribed in chapter 9," and submitted insufficient evidence at trial to do so.

¶15 The District Court observed that nothing in the legislative history indicates the enactment of subsection (ii), added to the definition in 2007, was meant to exclude quadricycles from qualifying under subsection (i)—as a "vehicle propelled by its own power and designed or used to transport persons or property upon the highways of the state." Thus, reasoned the court, a quadricycle may fit the definition of a "motor vehicle" under either subsection (i) or (ii). The court continued, "[t]herefore, I will consider the whole definition of motor vehicle as outlined in 61-1-101(40) as the definition to apply in this case, and given that consideration, the motion . . . is denied." Otten argues that this language—"given that consideration"—indicates that the court would have granted his motion, were it to have found only subsection (ii) applicable.

¶16 In the construction of a statute, we are simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted. Section 1-2-101, MCA; *State ex rel. Dep't of Envtl. Quality v. BNSF Ry. Co.*, 2010 MT 267, ¶ 52, 358 Mont. 368, 246 P.3d 1037. A statute is to be construed according to its plain meaning, and if the language is clear and unambiguous,

no further interpretation is required. *State v. Stiffarm*, 2011 MT 9, ¶ 12, 359 Mont. 116, ___ P.3d ___.

¶17 We conclude that the District Court correctly defined "motor vehicle" in this case as incorporating both subsections of § 61-1-101(40), MCA. It is clear and unambiguous that a quadricycle meets the definition of "a vehicle propelled by its own power and designed or used to transport persons or property upon the highways of the state." Section 61-1-101(51)(a), MCA, defining "quadricycle," specifically states that a quadricycle is a "motor vehicle, designed for on-road or off-road use." The state application for "street-legal" quadricycles, such as Otten's gray Yamaha Raptor, states that it applies to all quadricycles "that will be operated on highways or roads allowing for vehicular traffic dedicated to public use in the State of Montana." Furthermore, the definition of "quadricycle" in § 61-1-101(51) limits such vehicles to "not more than 50 horsepower," and the definition of "motor vehicle" cannot be logically interpreted to exclude a four-wheeler with a 55 horsepower motor, yet that is what Otten's interpretation would dictate. Otten's argument falls short in light of the inescapable applicability of subsection (i) to quadricycles used on public highways. We therefore affirm the District Court's interpretation of § 61-1-101(40), MCA, and decline to reverse the court's denial of Otten's motion to dismiss on the ground that the court applied an incorrect definition of "motor vehicle."

7

¶18 ***II. Whether the District Court erred in denying Otten's motion to dismiss on the ground that there was insufficient evidence to support the verdict.***

¶19 Otten next argues that even under a definition of "motor vehicle" including both subsections of § 61-1-101(40), MCA, the State presented insufficient evidence for a rational trier of fact to conclude that Otten's vehicle met the definition. We disagree. The State clearly presented sufficient evidence for a rational trier of fact to conclude that Otten's vehicle met the definition of a "motor vehicle" under subsection (i). Josh Thompson and Officer Tyler Edwards both testified that they saw Otten riding his four-wheeler on public roads, and physical evidence in the form of tire marks also provided evidence of Otten's operation of the vehicle on public roads. Otten filled out and signed the application to register his four-wheeler as "street legal," to enable its use in transporting persons and property on public highways, and his registration was current on the date of his offense. Both Edwards and Thompson had seen Otten riding his particular gray Yamaha Raptor four-wheeler around town numerous times. This testimony directly supports a determination that the vehicle was "propelled by its own power," and was "used to transport persons or property upon the highways of the state."

¶20 Otten also frames these arguments in a second light on appeal: that there was insufficient evidence to support the jury verdict. He incorporates by reference the arguments related to his motion to dismiss. Because we conclude that the District Court correctly denied Otten's motion to dismiss as there was substantial evidence on which a rational trier of fact could find the essential elements of the crime charged, we likewise conclude that sufficient evidence supported the jury verdict.

8

¶21 ***III. Whether the District Court erroneously instructed the jury on the definition of "motor vehicle."***

¶22 We review the District Court's instructions to the jury for abuse of discretion, and to ensure that they fully and fairly instruct the jury regarding the applicable law. *Goles*, ¶ 9. Otten makes substantially the same arguments regarding the interpretation of § 61-1-101(40), MCA, to support his contention that the District Court erroneously instructed the jury on the definition of "motor vehicle" by including both subsections (i) and (ii).

¶23 As we have concluded above, the District Court correctly determined that the full statutory definition of "motor vehicle" was applicable to Otten's four-wheeler. It therefore correctly instructed the jury to apply the definition in § 61-1-101(40), MCA, and did not abuse its discretion in doing so.

¶24 Affirmed.

/S/ BETH BAKER

We concur:

/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS