DA 10-0524

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 132

IN THE MATTER OF:

J.A.,

    A Youth.

| | |
|---|---|
| APPEAL FROM: | District Court of the Eighteenth Judicial District,<br>In and For the County of Gallatin, Cause No. DJ 07-22C<br>Honorable John C. Brown, Presiding Judge |

COUNSEL OF RECORD:

    For Appellant:

        Joslyn Hunt, Chief Appellate Defender; Matthew M. Wilcox, Assistant Appellate Defender; Helena, Montana

    For Appellee:

        Steve Bullock, Montana Attorney General; Micheal S. Wellenstein, Assistant Attorney General; Helena, Montana

Submitted on Briefs: March 29, 2011

Decided: June 7, 2011

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 J.A. appeals the order entered by the Youth Court of the Eighteenth Judicial District, Gallatin County, denying his motion for release from custody due to lack of jurisdiction. We reverse. J.A. raises one issue on appeal, restated as follows:

¶2 ***Did the Youth Court err in denying J.A.'s motion for release from custody for lack of jurisdiction?***

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 When he was 17, J.A. was charged in district court with burglary by common scheme, a felony, and theft by common scheme, a misdemeanor. After a hearing, the district court transferred jurisdiction to Youth Court. On February 15, 2008, J.A., then 18, entered admissions to the charges. The Youth Court declared J.A. delinquent and placed him on probation until February 15, 2009, upon terms and conditions that included payment of restitution in the amount of $3,617.69. In December 2008, the State filed a petition to revoke probation and transfer supervision of J.A. to district court. The Youth Court issued a summons and, when J.A. did not appear, the court issued a warrant for his arrest in February 2009.

¶4 J.A., who turned 21 years old in March 2010, was not picked up on the warrant until May 2010 in California. No order had been issued transferring the case to district court. J.A. made his initial appearance in Youth Court in July 2010 and moved for release from custody for lack of jurisdiction. J.A. argued that because the proceeding had not been transferred to district court pursuant to § 41-5-208, MCA, the Youth Court had lost jurisdiction over him when he turned 21, pursuant to § 41-5-205(1), MCA. After a

2

hearing, the Youth Court denied the motion, reasoning that adopting J.A.'s position would fail to hold him accountable for his probation violations and "encourage youths to abscond." The court concluded that result was contrary to the purposes of the Youth Court Act and general notions of justice. J.A. appeals.

## STANDARD OF REVIEW

¶5 "Jurisdiction is defined by law." *State v. Evert*, 2004 MT 178, ¶ 14, 322 Mont. 105, 93 P.3d 1254. The dispositive issue here concerns interpretation of the Montana Youth Court Act's provisions on jurisdiction of a youth court. "This Court reviews a youth court's interpretation and application of the Youth Court Act for correctness." *In re Cascade Co. Dist. Ct.*, 2009 MT 355, ¶ 10, 353 Mont. 194, 219 P.3d 1255 (citing *In re K.D.K.*, 2006 MT 187, ¶ 15, 333 Mont. 100, 141 P.3d 1212).

## DISCUSSION

¶6 ***Did the Youth Court err in denying J.A.'s motion for release from custody for lack of jurisdiction?***

¶7 J.A. cites the provisions of the Youth Court Act which grant jurisdiction to youth court over individuals who engage in criminal activity while they are under the age of 18, but terminate jurisdiction when the individual reaches age 21, absent a transfer of the case to district court. J.A. argues the Youth Court lost jurisdiction over him because he admitted to and was adjudicated of committing unlawful activity while under 18, and the Youth Court failed to transfer his case to district court prior to his 21st birthday. J.A. further argues upholding the Youth Court's denial of his motion for release would deny him due process of law as protected by the Fourteenth Amendment to the United States

3

Constitution and Article II, Section 17 of the Montana Constitution. The State replies that J.A.'s argument would lead to the absurd result of rewarding a youth who absconds, be contrary to the purposes of the Youth Court Act, and allow J.A. to escape his plea agreement obligations after he reaped its benefits.

¶8 "The Montana Youth Court Act provides that youth courts have original jurisdiction over cases involving persons under the age of 18." *State v. Andersen-Conway*, 2007 MT 281, ¶ 15, 339 Mont. 439, 171 P.3d 678 (citing § 41-5-203(1), MCA); *Cascade Co.*, ¶ 20. Section 41-5-203(1), MCA, provides, in pertinent part:

> (1) Except as provided in subsection (2) and for cases filed in the district court under 41-5-206, the [youth] court has exclusive original jurisdiction of all proceedings under the Montana Youth Court Act in which a youth is alleged to be a delinquent youth or a youth in need of intervention or concerning any person under 21 years of age charged with having violated any law of the state or any ordinance of a city or town . . . prior to having become 18 years of age.

¶9 We have explained that "[g]enerally, a youth court's jurisdiction over a delinquent youth ceases when the youth reaches the age of twenty-one." *In re N.V.*, 2004 MT 80, ¶ 28, 320 Mont. 442, 87 P.3d 510 (citing § 41-5-205(1), MCA (2001)). Section 41-5-205(1)-(3), MCA, provides:

> (1) The court may dismiss a petition or otherwise terminate jurisdiction on its own motion or on the motion or petition of any interested party at any time. Unless terminated by the court and except as provided in subsections (2) and (3), *the jurisdiction of the court continues until the individual becomes 21 years of age.*
> (2) *Court jurisdiction terminates when*:
> (a) the proceedings are transferred to district court under 41-5-208 or an information is filed concerning the offense in district court pursuant to 41-5-206;
> (b) the youth is discharged by the department; or

(c) execution of a sentence is ordered under 41-5-1605(2)(b)(iii) and the supervisory responsibilities are transferred to the district court under 41-5-1605.

(3) The jurisdiction of the court over an extended jurisdiction juvenile, with respect to the offense for which the youth was convicted as an extended jurisdiction juvenile, extends until the offender becomes 25 years of age unless the court terminates jurisdiction before that date. [Emphases added.]

¶10 After a youth is adjudicated, the youth court is authorized by § 41-5-208(1), MCA, upon motion of the youth or the county attorney, to "transfer jurisdiction to the district court and order the transfer of supervisory responsibility from juvenile probation services to adult probation services." Section 41-5-208(1), MCA; *Andersen-Conway*, ¶ 15. The transfer "may be made at any time after a youth reaches 18 years of age but before the youth reaches 21 years of age," § 41-5-208(1), MCA, and must be preceded by a hearing. Section 41-5-208(2), MCA. The jurisdiction of district court over a case transferred from youth court for supervision purposes "terminates when the youth reaches 25 years of age." Section 41-5-208(6), MCA; *Andersen-Conway*, ¶ 15.

¶11 J.A. was adjudicated delinquent by the Youth Court for committing unlawful activity prior to turning 18, and placed on probation for one year. Before J.A.'s term of probation ended, the State filed a petition to revoke and transfer the case to district court. However, an order transferring the case was not issued before J.A. turned 21. Because no transfer occurred, the provisions of § 41-5-208, MCA, which would have authorized supervisory jurisdiction in the district court over J.A. until age 25, are inapplicable. Neither was J.A.'s case handled as an "extended jurisdiction juvenile prosecution," under which jurisdiction is generally placed in the youth court until the youth reaches the age of

5

25. *See* §§ 41-5-1602(2) and 41-5-205(3), MCA. Further, while J.A.'s case was initially filed in district court, the case was transferred to the Youth Court and, thus, the jurisdictional provisions of § 41-5-206, MCA, authorizing youths to be tried and sentenced in district court as adults, were not implicated.

¶12 Absent transfer from the youth court to the district court by one of these statutory mechanisms, § 41-5-205(1), MCA, provides that "the jurisdiction of the [youth] court continues *until the individual becomes 21 years of age.*" (Emphasis added.) Consistent therewith, § 41-5-208, MCA, under which transfer was sought in this case, provides that a transfer "may be made at any time after a youth reaches 18 years of age but before the youth reaches 21 years of age." Section 41-5-208(1), MCA. Under the plain wording of § 41-5-205, MCA, the Youth Court lost jurisdiction over J.A. when he turned 21.

¶13 The State urges that we disregard the plain meaning of the statute to avoid the "absurd result of rewarding a youth who absconds after failing to comply with his probationary conditions." The Youth Court accepted the State's policy arguments, focusing on the implications of holding that jurisdiction was lost:

> Under the Youth's rationale, any youth who has failed to comply with the terms of probation could escape the consequences of his or her wrongdoing by merely failing to show up for a transfer hearing under § 41-5-208(1)-(3), MCA, hiding out until the youth's 21st birthday, and then arguing the case must be dismissed for lack of jurisdiction. Such an absurd result is contrary to the purposes of the Montana Youth Court Act, § 41-5-102, MCA, and general principles of justice, fairness and accountability.

Additionally, the court found persuasive the State's analogy to statutory provisions on adult revocation proceedings. Section 46-18-203(2), MCA, in contrast to the Youth

6

Court Act, provides that "[e]xpiration of the period of suspension or deferral after the petition [for revocation] is filed does not deprive the court of its jurisdiction to rule on the petition."

¶14 While we acknowledge that "[s]tatutory construction should not lead to an absurd result," *In re K.M.G.*, 2010 MT 81, ¶ 26, 356 Mont. 91, 229 P.3d 1227, we cannot extend youth court jurisdiction beyond what the Legislature has clearly provided. *See* § 1-2-101, MCA ("In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted."); *State v. Otten*, 2011 MT 83, ¶ 16, 360 Mont. 144, ___ P.3d ___ ("A statute is to be construed according to its plain meaning, and if the language is clear and unambiguous, no further interpretation is required.") (citing *State v. Stiffarm*, 2011 MT 9, ¶ 12, 359 Mont. 116, 250 P.3d 300). The Youth Court Act does not provide for continuing jurisdiction in youth court over revocation proceedings after a youth turns 21, even where a petition to transfer has previously been filed. The Legislature may choose to so extend youth court jurisdiction, but that is the province of the Legislature. *See e.g. Stiffarm*, ¶ 14 (applying the plain meaning of § 46-18-203(2), MCA (2009), to require the State to file a petition to revoke an adult suspended or deferred sentence only "during" the period of suspension or deferral, as stated in the statute at that time). We conclude the Youth Court erred in denying J.A.'s motion.

Accordingly, we reverse the Youth Court's order and remand for further proceedings consistent with this opinion.[1]

¶15 Reversed.

/S/ JIM RICE

We concur:

/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON
/S/ BETH BAKER

---

[1] The State's absurdity argument apparently assumes that the District Court could not exercise jurisdiction over J.A. because a transfer had not taken place. Similarly, the basis for J.A.'s motion to the Youth Court was the language of § 41-5-203(1), MCA, which provides for "exclusive original jurisdiction" in youth court for youth proceedings. We note that *State v. Beach*, 217 Mont. 132, 141-44, 705 P.2d 94, 99-102 (1985), and *State ex rel. Elliot v. District Court*, 211 Mont. 1, 684 P.2d 481 (1984), addressed the existence of district court jurisdiction over youth cases where no adjudication of the youth had occurred in youth court, and are not controlling here on issues raised by the parties.