FILED

January 17 2012

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 11-0349

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 9

IN THE MATTER OF:

T.M.L.,

    A Youth under the Age of 18.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Broadwater, Cause No. DJ 09-16
Honorable James P. Reynolds, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

    Colin M. Stephens, Smith & Stephens, P.C., Missoula, Montana

    For Appellee:

    Steve Bullock, Montana Attorney General; Tammy A. Hinderman, Assistant
Attorney General, Helena, Montana

    John T. Flynn, Broadwater County Attorney, Townsend, Montana

Submitted on Briefs:   December 14, 2011
Decided:   January 17, 2012

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     T.M.L. appeals two orders of the First Judicial District, Broadwater County, one denying T.M.L.'s motion to dismiss for lack of jurisdiction, and the other requiring T.M.L. to register as a sex offender.  We affirm in part, and remand for the limited purpose of striking the sentencing condition requiring T.M.L. to register as a sexual offender.

## BACKGROUND

¶2     In 2009, seventeen year old T.M.L. was charged in Youth Court with felony burglary, misdemeanor criminal trespass to vehicles, and misdemeanor theft from a vehicle.  Based upon T.M.L.'s admissions of entering a house and car without permission, and stealing women's undergarments, T.M.L. pled guilty to felony burglary and misdemeanor criminal trespass to vehicles on March 5, 2010.

¶3     The Youth Court entered a Dispositional Order on March 26, 2010,  which provided in pertinent part:

> 1. That the Youth, [T.M.L.], be placed on probation to the Juvenile Probation Department of the First Judicial District until he reaches the age of 18 years old and for the balance of said term, be under the control, abide by, and carefully follow the instructions of said Juvenile Probation Department. Upon reaching the age of 18, the Youth will appear before the Court for the purpose of a Transfer Hearing pursuant to § 41-5-208, MCA, to transfer supervision and responsibility to the District Court and the supervision to the Adult Probation and Parole Department and to determine conditions of his probation with the Adult Probation and Parole Department . . . .

T.M.L. turned eighteen on April 30, 2010.

¶4     On November 5, 2010, the State filed a Motion to Reinstate Youth Court Petition and transfer from youth court to district court pursuant to § 41-5-208, MCA, and § 41-5-1501(4),

2

MCA. In response, T.M.L. filed a motion to dismiss for lack of jurisdiction because the State failed to file the motion prior to T.M.L. turning eighteen. The Youth Court denied T.M.L.'s motion to dismiss on January 11, 2011. On March 7, 2011, the Youth Court transferred T.M.L.'s matter to district court, and transferred T.M.L.'s supervision to adult supervision under the Department of Corrections. As part of its March 7, 2011, Order, the District Court required T.M.L. to register as a sexual offender. This timely appeal followed.

¶5 We restate the issues as follows:

¶6 *Issue One: Did the Youth Court err when it retained jurisdiction over T.M.L.?*

¶7 *Issue Two: Did the Youth Court err when it required T.M.L. to register as a sexual offender?*

## STANDARDS OF REVIEW

¶8 A youth court's interpretation and application of the Youth Court Act is reviewed for correctness. *In re J.A.*, 2011 MT 132, ¶ 5, 361 Mont. 16, 255 P.3d 150 (citing *In re Cascade Co. Dist. Ct.,* 2009 MT 355, ¶ 10, 353 Mont. 194, 219 P.3d 1255). We review criminal sentences for legality, to determine whether they are within the parameters set by statutes as a matter of law. *State v. Grana*, 2009 MT 250, ¶ 11, 351 Mont. 499, 213 P.3d 783.

## DISCUSSION

¶9 *Issue One: Did the Youth Court err when it retained jurisdiction over T.M.L.?*

¶10 T.M.L. argues the Youth Court lost jurisdiction when T.M.L. turned eighteen because T.M.L.'s probation ended upon T.M.L. reaching the age of eighteen. The State argues the

Youth Court retained jurisdiction because the Dispositional Order extended jurisdiction past T.M.L.'s probationary period in order to conduct a transfer hearing. The Youth Court agreed with the State and retained jurisdiction because the Youth Court had not terminated its jurisdiction pursuant to § 41-5-205(1), MCA, and because § 41-5-208(1), MCA, permits a youth court to transfer a matter to district court "at any time after a youth reaches 18 years of age but before the youth reaches 21 years of age." We agree with the Youth Court.

¶11 Generally, a youth court's jurisdiction ceases when the youth reaches the age of twenty-one. *In re J.A.*, ¶ 9. Section 41-5-205(1), MCA, provides:

> The court may dismiss a petition or otherwise terminate jurisdiction on its own motion or on the motion or petition of any interested party at any time. Unless terminated by the court and except as provided in subsections (2) and (3), the jurisdiction of the court continues until the individual becomes 21 years of age.

Pursuant to § 41-5-208(1), MCA, a youth court retains jurisdiction to transfer a matter to the district court "at any time after a youth reaches 18 years of age but before the youth reaches 21 years of age."

¶12 If the exceptions found in § 41-5-205, MCA, are inapplicable, a youth court may continue to exercise jurisdiction over an individual until he or she reaches 21 years of age. *In re K.D.K.*, 2006 MT 187, ¶ 20, 333 Mont. 100, 141 P.3d 1212. In *K.D.K.*, the Youth Court required K.D.K. to compensate the victim for any therapy costs associated with K.D.K.'s crime against the victim. *K.D.K.*, ¶ 4. The Order further provided that K.D.K.'s probation would end on February 27, 2005, when K.D.K. turned eighteen. *K.D.K.*, ¶ 4. The Youth Court also stated it would "retain jurisdiction over the youth until the age of twenty-

4

one for financial purposes such as payment of fees/fines, attorney fees and/or restitution." *K.D.K.*, ¶ 4.

¶13 In June 2003, K.D.K. executed a restitution agreement and agreed to pay $4,507.53 to the victim. *K.D.K.*, ¶ 6. On February 11, 2005, the State moved to modify the Youth Court's Order and requested additional restitution. *K.D.K.*, ¶ 7. Two days before K.D.K. turned eighteen, on February 25, 2005, the Youth Court held a hearing on the State's motion and required both parties to submit post-hearing briefs. *K.D.K.*, ¶ 9. In K.D.K.'s brief, K.D.K. asserted that the Youth Court could no longer exercise jurisdiction over K.D.K. because K.D.K.'s probation ended on February 27, 2005. *K.D.K.*, ¶ 11. More than three months after K.D.K.'s probation ended, on June 9, 2005, the Youth Court granted the State's motion to modify its Order and impose additional restitution. *K.D.K.*, ¶ 11.

¶14 K.D.K. appealed the imposition of additional restitution, arguing that the Youth Court was without jurisdiction to order additional restitution after K.D.K.'s probation ended on February 27, 2005. *K.D.K.*, ¶ 17. On appeal, this Court held that the Youth Court lost jurisdiction – except in relation to the financial obligations outlined in the original Order and the restitution agreement – pursuant to § 41-5-205, MCA, on February 27, 2005, and thereby lost its ability to impose additional financial obligations on K.D.K. *K.D.K.*, ¶ 20. This Court further noted that in a different case a youth court may "retain jurisdiction over a youth until he or she reaches 21 years of age." *K.D.K.* ¶ 20.

¶15 In this case, unlike *K.D.K.*, the Youth Court did not terminate its jurisdiction under § 41-5-205, MCA, once T.M.L. turned eighteen and T.M.L.'s probation ended. Instead, the

5

Youth Court purposefully retained jurisdiction over T.M.L. when it required T.M.L., upon turning eighteen, to appear before the court for the purpose of a transfer hearing. It is irrelevant that the State did not request the transfer hearing until approximately six months after T.M.L. reached the age of eighteen. Further, § 41-5-208, MCA, contemplates this exact situation and provides youth court jurisdiction over a transfer proceeding once a youth reaches eighteen, but before the youth turns twenty-one. Since the exceptions to § 41-5-205(1), MCA, are inapplicable, the Youth Court had jurisdiction over T.M.L. and properly denied T.M.L.'s motion to dismiss.

¶16    *Issue Two: Did the Youth Court err when it required T.M.L. to register as a sexual offender?*

¶17    The appropriate remedy for an illegal sentencing condition hinges on the ability of the lower court to correct the illegal sentencing condition on remand. *State v. Olivares-Coster*, 2011 MT 196, ¶ 16, 361 Mont. 380, 259 P.3d 760. To determine the appropriate remedy, we utilize the following approach:

> "[W]hen a portion of a sentence is illegal, the better result is to remand to the district court to correct the illegal provision. Remand to give the district court the opportunity to correct the illegal provision should be ordered unless, under the particular circumstances of the case, the illegal portion of the sentence cannot be corrected. If so, the case should be remanded to the district court with instructions to strike the illegal conditions."

*Olivares-Coster*, ¶ 16 (quoting *State v. Heafner*, 2010 MT 87, ¶ 11, 356 Mont. 128, 231 P.3d 1087). A sentencing condition imposed without statutory authority is illegal. *See Olivares-Coster*, ¶¶ 17-18.

6

¶18 As a condition of T.M.L.'s probation, the Youth Court required T.M.L. to register as a sexual offender pursuant to Title 46, Chapter 23, Part 5, MCA. According to this part, a person who has been convicted of, or in youth court, found to have committed or been adjudicated for a sexual offense is a sexual offender and shall register as such. Section 46-23-504(1), MCA. This registration requirement applies to a discrete list of sexual offenses found in § 46-23-502(9), MCA. Neither felony burglary, § 45-6-204, MCA, nor misdemeanor criminal trespass to vehicles, § 45-6-202, MCA, is a sexual offense for which registration is required. An individual may nevertheless be required to register as a sexual offender for a non-delineated offense if it is part of a plea agreement. Section 46-23-512, MCA.

¶19 It is clear that the Youth Court did not have the power to require T.M.L. to register as a sexual offender. T.M.L. did not commit a delineated sexual offense, and signed no plea agreement requiring registration. The State concedes the Youth Court exceeded its statutory authority by requiring T.M.L. to register as a sexual offender. We agree with T.M.L. and the State, the Youth Court had no statutory authority to require T.M.L. to register as a sexual offender as a condition of T.M.L.'s sentence, therefore this condition is illegal. Accordingly, we remand this matter for the limited purpose of striking the condition that T.M.L. register as a sexual offender.

## CONCLUSION

¶20 For the reasons stated above, we affirm in part, and remand for the limited purpose of striking the sentencing condition requiring T.M.L. to register as a sexual offender.

7

/S/ MICHAEL E WHEAT


We Concur:

/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS