DA 12-0533

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 245

STATE OF MONTANA,

Plaintiff and Appellee,

v.

ROBERT LEE COLTON DIETSCH,

Defendant and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Twenty-First Judicial District, In and For the County of Ravalli, Cause No. DC 2011-54 Honorable James A. Haynes, Presiding Judge |

COUNSEL OF RECORD:

For Appellant:

Wade Zolynski, Chief Appellate Defender; Deborah S. Smith, Assistant Appellate Defender; Helena, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General; Tammy A. Hinderman, Assistant Attorney General; Helena, Montana

William Fulbright, Ravalli County Attorney; Hamilton, Montana

Submitted on Briefs: August 7, 2013

Decided: September 3, 2013

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1    Robert Lee Colton Dietsch (Dietsch) appeals his conviction from the Twenty-First Judicial District, Ravalli County.  We affirm in part, reverse in part, and remand.

¶2    We address the following issues on appeal:

¶3    *Whether the District Court abused its discretion in denying Dietsch's request for a transfer to Youth Court?*

¶4    *Whether the District Court imposed a lawful sentence?*

## PROCEDURAL AND FACTUAL BACKGROUND

¶5    In February 2011, 17-year old Dietsch convinced 12-year old C.C., and her friend to join Dietsch and two of his friends at his mother's home.  Dietsch's mother was away for several days on business, and had left Dietsch to supervise his younger siblings and the home.

¶6    Once there, Dietsch pressured C.C. to have sex with him.  Although she initially declined, Dietsch continued to pressure C.C.  Eventually he picked C.C. up, carried her into the bathroom, removed his and her clothing, and then had sexual intercourse with C.C.

¶7    C.C. told her mother about the incident.  C.C.'s mother alerted the police.  The State of Montana (State) charged Dietsch as an adult with one count of sexual intercourse without consent and one count of sexual assault.  Dietsch acknowledges both C.C.'s age, and that sexual intercourse with C.C. was illegal because of her age.  The State has not alleged physical force or intimidation on Dietsch's part.

¶8    Dietsch moved to transfer prosecution from the District Court to the Youth Court. The District Court denied the motion. The District Court recognized that Dietsch would benefit from the transfer. The District Court determined, however, that the nature of the alleged offense and the threat to community safety presented by Dietsch militated against the transfer.

¶9    Dietsch later entered into a plea agreement with the State whereby he agreed to plead guilty to one count of sexual assault in exchange for the State's agreement to drop the sexual intercourse without consent charge. The District Court heard testimony from several witnesses and reviewed several statements over the course of two sentencing hearings. The District Court imposed a deferred sentence of 6 years, and 60 days in the Ravalli County Detention Center, with credit for time served. The District Court also imposed a number of other conditions. The conditions relevant here include mandates that Dietsch pay both $800.00 for the cost of his public defender and undetermined restitution to the victim. The District Court also required Dietsch to "advise all medical personnel of addiction history/conviction, including all prescribed narcotics and/or medical marijuana." Dietsch appeals.

**STANDARD OF REVIEW**

¶10    We review for abuse of discretion a District court's decision whether to transfer a juvenile charged in district court to youth court. *State v. Whiteman*, 2005 MT 15, ¶ 10, 325 Mont. 358, 106 P.3d 543. We review criminal sentences for legality, to determine whether

they are within the parameters set by statutes as a matter of law. *Matter of T.M.L.*, 2012 MT 9, ¶ 8, 363 Mont. 304, 268 P.3d 1255

## DISCUSSION

¶11 *Whether the District Court abused its discretion in denying Dietsch's request for a transfer to Youth Court?*

¶12 Section 41-5-206(1), MCA, authorizes the State to charge a juvenile directly in district court under certain circumstances. Once the State files the case in district court, the district court may transfer the case to the youth court only if it finds the following factors by a preponderance of the evidence:

(a) a youth court proceeding and disposition will serve the interests of community protection;

(b) that the nature of the offense does not warrant prosecution in district court; and

(c) it would be in the best interest of the youth if the matter was prosecuted in youth court.

Section 41-5-206(3)(a)-(c), MCA.

¶13 Deitsch first argues that no substantial evidence supports the District Court's finding that a transfer to youth court would not protect the interests of the community. Dietsch claims that the District Court misapplied the standard of proof in making this finding. Deitsch further claims that no substantial evidence supports the District Court's finding that the nature of the offense warranted prosecution in district court.

4

¶14 The District Court concluded that Deitsch likely would reoffend whether charged in the District court or youth court. Youth court proceedings would limit the dispositional options to the extent of the youth court's jurisdiction: "until Deitsch turns 21," with potential "supervision only until Dietsch reaches the age of 25." District Court prosecution, conversely, would allow dispositional options that would include supervision and rehabilitation "for a period of up to Dietsch's remaining natural life." The District Court also found troubling the lack of expert testimony about the probability that Dietsch would attempt to contact his victim C.C. in the future.

¶15 The District Court as factfinder sits in the best position to weigh all of this evidence. The District Court's finding of high recidivism potential and concern over the lack of evidence about future victim contact demonstrate that Dietsch failed to show by a preponderance of the evidence that a youth court proceeding would serve the interests of community protection. The District Court did not abuse its discretion in determining that the potential lengthier term of supervision available in District Court would better serve the interest of community protection.

¶16 The District Court also received testimony at the transfer hearing concerning the nature of the offense. The District Court heard from a sexual offender evaluator (Christopher Quigley), a clinical psychologist (Dr. Tessa Reed), and a police detective (Jesse Jessop). The District Court found more substantive the testimony of the State's witnesses. The Court concluded that Dietsch's contact with the victim's mother showed a "high lack of empathy" and that Dietsch had demonstrated "a highly significant familiarity about sex with underage

5

girls in his community." The District Court properly resolves conflicting evidence before it. We generally will not overturn those determinations on appeal. *State v. Deines*, 2009 MT 179, ¶ 20, 351 Mont. 1, 208 P.3d 857. Sufficient credible evidence supports the District Court's finding that the nature of the offense does not warrant a youth court proceeding and disposition.

¶17 *Whether the District Court imposed a lawful sentence?*

¶18 Dietsch's counsel asked the District Court to waive the costs of Dietsch's assigned counsel at the sentencing hearing. The District Court asked whether Dietsch "has the ability to work, [and] the capability of earning money." Dietsch's counsel responded "[y]es, Your Honor. I think the Court has heard from people that he's very capable of that." The District Court then imposed $800.00 to cover the cost of Dietsch's counsel.

¶19 The law in effect at the time of the offense controls sentencing options available to a sentencing court. Section 46-8-113, MCA (2009), governed the District Court's ability to require Dietsch to pay for the costs of his assigned counsel. The District Court lawfully could impose only up to $500.00 to pay the costs of counsel in a felony case. Section 46-8-113(1)(b), MCA (2009). The District Court's imposition of $800.00 to pay the costs of counsel exceeds this amount. Dietsch further argues that the District Court failed to inquire properly into his ability to pay. The District Court can address these issues on remand. We strike the $800.00 fee and remand to the District Court to determine the amount, if any, that Dietsch should pay for his assigned counsel, pursuant to § 46-8-113(3), MCA (2009).

6

¶20    Dietsch next challenges the condition that requires him to report his conviction to all medical providers.  A rehabilitative condition must have a nexus to either the offense for which the offender is being sentenced, or to the individual offender.  *State v. Ashby*, 2008 MT 83, ¶ 15, 342 Mont. 187, 179 P.3d 1164.  The State concedes that the District Court did not convict Dietsch of any offense that involved dangerous drugs, and that Dietsch has no history of substance use or abuse.  We agree with the State that this condition lacks a nexus to either the offense or offender and remand to have the District Court strike it from the judgment.

¶21    The State further concedes that the District Court failed to retain jurisdiction over Dietsch's case until he reaches the age of 21, and failed to require the Department of Corrections (DOC) to submit bi-annual reports, as required by § 41-5-2503(1), MCA.  We remand to the District Court to amend the judgment to reflect its statutorily-required continuing jurisdiction over Dietsch until age 21, and to order DOC to submit required status reports every 6 months until Dietsch reaches the age of 21.

¶22    The District Court, upon the agreement of Dietsch's trial counsel, required restitution payments for victim counseling as part of Dietsch's sentence.  Restitution specifically would include those "costs incurred by [C.C.]."  The District Court ordered the State to file a restitution statement within thirty days of the final judgment.

¶23    The State failed to file a restitution statement by the time that Dietsch had filed this appeal.  Dietsch argues that the District Court's open-ended restitution award violates the

statutory requirement that a court specify the total amount of restitution that the offender shall pay. Section 46-18-244(1), MCA. We agree.

¶24 The judgment must set a specific amount of restitution. *State v. Guill*, 2011 MT 32, ¶¶ 52-53, 359 Mont. 225, 248 P.3d 826; *State v. Heafner*, 2010 MT 87, ¶ 11, 356 Mont. 128, 231 P.3d 1087. We vacate the restitution requirement and remand to the District Court to comply with § 46-18-244(1), MCA. *State v. Johnson*, 2011 MT 286, ¶ 16, 362 Mont. 473, 265 P.3d 638.

/S/ BRIAN MORRIS

We concur:

/S/ MIKE McGRATH
/S/ JIM RICE
/S/ LAURIE McKINNON
/S/ PATRICIA COTTER

8