*525 JUSTICE HARRISON
delivered the Opinion of the Court.
This is an appeal from the District Court of the Fourth Judicial District, State of Montana, in and for the County of Ravalli. The State of Montana appeals the District Court’s June 28, 1991 order and subsequent Amended Judgment of July 10,1991. We reverse.
Two issues are presented for our consideration:
1. Whether the District Court had jurisdiction to amend a sentence and judgment after it had been pronounced in court, reduced to writing and filed with the clerk of court.
2. Whether the practice of parole and probation officers contacting a sentencing court ex parte and post-judgment for the purposes of obtaining approval to resentence a defendant violates statutory provisions mandating participation by the prosecution in a sentencing hearing conducted in open court.
On December 12, 1990, an information was filed in the District Court, Ravalli County, charging Richard E. Hanners (Hanners) with the crime of criminal possession with intent to sell, a felony, in violation of § 45-9-103, MCA. Defendant Hanners pled not guilty to the charged offense at his arraignment on January 16, 1991. However, Hanners moved the court to withdraw his not guilty plea on April 17, 1991, and he subsequently pled guilty to the offense of criminal possession of marijuana with intent to sell.
After a presentence investigation report was prepared, a sentencing hearing was held on May 15, 1991, and Hanners was sentenced to twenty years’ imprisonment in the Montana State Prison with ten years suspended. The court also imposed a fine of $25,000. A written judgment reflecting the conviction and sentence was filed by the District Court on May 31, 1991.
In early June 1991, Department personnel from the Intensive Supervision Program (the ISP) met with the District Court Judge and presented their recommendation that the court amend its judgment and suspend Hanners’ entire sentence on the condition that he enter and successfully complete the ISP. The ISP is a program designed as an alternative to prison incarceration operated by the Department of Institutions which has been in effect in several Montana counties for over two years. This recommendation by Department personnel (the Department) was done over the objection of the parole and probation officer of Ravalli County who made an intensive investigation of Hanners’ marijuana growing operation prior to sentencing. Following this meeting, the Department contacted the Ravalli County Attorney *526 and requested that he prepare, for the District Court Judge’s signature, an amended judgment reflecting the suspension of Hanners’ sentence pending participation in the ISR At the time of the June 19, 1991, hearing on the amended judgment the County Attorney filed a motion requesting that the court reject the Department’s recommendation of suspending Hanners’ original sentence.
It is the position of the appellant, State, argued by the County Attorney, that once the District Court signed its May 15, 1991 sentence, it was without jurisdiction to amend it. It has been well established in Montana once a valid judgment and sentence have been signed, the court imposing that sentence had no jurisdiction to vacate or modify it except as provided by statute. Rivera v. Eschler (1989), 235 Mont. 350, 767 P.2d 336; Petition of Arledge (1988), 232 Mont. 450, 756 P.2d 1169; Dahlman v. District Court, Seventeenth Judicial District (1985), 215 Mont. 470, 698 P.2d 423. As of the time of the modification of the judgment by the District Court Judge, the only statutory provision that such modification could be done was under the post-conviction relief statute, § 46-21-101, MCA. In addition, under a recently enacted provision applicable to sentencing effective after October 1,1991, an offender could petition a sentencing court for an order directing that his or her sentence of imprisonment be served under the conditions of home arrest. As was argued by the County Attorney to the District Court Judge, this provision is distinct from the ISP. At the date of this amended sentence, there was neither a statutory nor an administrative rule providing for the modification of a sentence following the recommendation by the Department for the ISP.
While § 45-9-202(2)(d), MCA (1991), now effective, does allow the sentencing authority to designate at the time of sentencing the ISP program with provisions, such authority did not grant the District Court jurisdiction to modify a previously rendered sentence.
We hold that the District Court’s actions in ordering the amended judgment prepared and subsequent signing and filing of that amended judgment was an improper exercise of the District Court’s jurisdiction. The amended judgment is therefore null and void and should be declared stricken from the record and the matter returned to the District Court to enter a proper sentence under the existing law.
While the second issue of whether the practice of parole and probation officers contacting a sentencing court ex parte and post-judgment for the purposes of obtaining approval to resentence a *527 defendant violates statutory provisions mandating participation by the prosecution in a sentencing hearing conducted in open court is before us, we find that having determined that the District Court lacked jurisdiction to modify the sentence, this second issue will not be considered.
The District Court is reversed and this cause is remanded with instructions consistent with this opinion.
CHIEF JUSTICE TURNAGE, JUSTICES GRAY and McDonough concur.