DA 08-0613

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 250

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

RAFAEL BENJAMIN GRANA,

       Defendant and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Fourth Judicial District, In and For the County of Missoula, Cause No. DC 32-2001 Honorable Edward P. McLean, Presiding Judge |

COUNSEL OF RECORD:

       For Appellant:

              Jim Wheelis, Chief Appellate Defender; Roberta R. Zenker, Assistant Appellate Defender, Helena, Montana

       For Appellee:

              Hon. Steve Bullock, Montana Attorney General; Jonathan M. Krauss, Assistant Attorney General, Helena, Montana

              Fred R. Van Valkenburg, Missoula County Attorney; Kirsten Pabst, Deputy County Attorney, Missoula, Montana

Submitted on Briefs: June 24, 2009

Decided: July 28, 2009

Filed:

_____
                                Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Grana appeals from the October 9, 2008, Judgment of the District Court for the Fourth Judicial District, Missoula County revoking his suspended sentence and sentencing him to prison. We affirm.

¶2     The issues on appeal are as follows:

¶3     Issue One:  Whether the District Court properly ordered as part of the sentence that Grana register as a violent/sexual offender as provided in Title 46, Ch. 23, pt. 5, MCA.

¶4     Issue Two:  Whether the District Court properly restricted Grana's access to the internet.

BACKGROUND

¶5     In 2001 the State charged Grana with seven counts of burglary, based upon his entry into women's homes in Missoula.  Grana entered the homes, went through personal belongings, and masturbated leaving his ejaculate where it would be found.  He also left sexually explicit offensive notes and rearranged personal items to make it clear that there had been an intrusion.  He confessed to police, acknowledging that the charges were accurate and that he entered the homes to commit "sexually offensive acts towards the occupants."  At the time of the burglary charges Grana was engaged in sexual offender treatment in New Mexico and had been charged in Missoula County Justice Court with eight counts of indecent exposure.

2

¶6 Grana pled guilty to three of the burglary counts pursuant to a written plea agreement. An express provision of the plea agreement was that Grana would register as a Level II sexual offender. The plea agreement also provided that Grana "may oppose the registration requirement and/or the level II designation" and Grana filed an objection.

¶7 The District Court entered sentence by a judgment dated September 19, 2001, deferring imposition of six-year sentences for each of the three burglaries, upon conditions. A condition of the sentence required Grana to register as a Level II sexual offender pursuant to §§ 46-23-504, -505 and -506, MCA. Another condition provided that Grana could have no internet access without the permission of his therapist or probation officer. Grana did not appeal the sentence or seek sentence review.

¶8 In February, 2002, the State filed a petition to revoke the 2001 sentence alleging that Grana violated the conditions by possessing pornography and accessing the internet without permission. Grana admitted to violating the conditions. On November 15, 2002, the District Court entered a judgment that revoked the September 19, 2001, deferred imposition of sentence. The District Court sentenced Grana to a prison term on each of the three counts, suspending parts of the term as to each count. The judgment prohibited internet access without permission of Grana's therapist or probation officer and was silent as to registration as a sex offender. Grana did not appeal the sentence or seek sentence review. Grana served time in prison and was released.

¶9 In May, 2007, as a result of a dispute with the State, Grana filed a motion with the District Court seeking a declaratory ruling that he was not required to register as a sex offender. The State did not oppose the motion. On August 1, 2007 the District Court

3

entered an order granting Grana's motion, holding that the November 15, 2002 judgment did not require Grana to register as a sex offender.

¶10 In February, 2008, Grana violated the conditions of the November 15, 2002 sentence. He had accessed and possessed pornography, had installed computer software designed to hide his activities, and had failed to follow sex offender treatment recommendations. The State filed a petition to revoke and Grana admitted the violations. The District Court entered judgment on October 9, 2008, revoking the November 15, 2002 suspended sentences and sentencing Grana to prison. The "new terms and conditions" of the judgment required Grana to register as a sex offender and prohibited him from accessing the internet. Grana appeals, and we affirm.

STANDARD OF REVIEW

¶11 This Court reviews criminal sentences for legality, to determine whether they are within the parameters set by statute as a matter of law. *State v. Winkel*, 2008 MT 89, ¶ 10, 342 Mont. 267, 182 P.3d 54.

DISCUSSION

¶12 Issue One: *Whether the District Court properly ordered as part of the sentence that Grana register as a violent/sexual offender as provided in Title 46, Ch. 23, pt. 5, MCA.* The State and Grana agree that Grana's convictions for burglary would not otherwise require him to register as a sexual offender. Sections 46-23-502 and -504, MCA. Unless a statute permits imposition of a registration requirement a court may not impose one. *State v. Hastings*, 2007 MT 294, ¶ 19, 340 Mont. 1, 171 P.3d 726.

4

¶13 While the registration requirement for sexual offenders specifically applies to a discrete list of offenses, Montana law allows broader application if the defendant agrees.

> A defendant convicted of an offense that would otherwise not be subject to registration under this part may agree to comply with the registration requirements of this part as part of a plea agreement, and a court accepting the plea agreement may order the defendant to comply with this part.

Section 46-23-512, MCA. Grana's original plea agreement provided that the District Court could require him to register as a sexual offender, subject to his right to argue that registration was not appropriate. The effect of the plea agreement was that Grana conceded that the District Court could require him to register as a sexual offender if his objection to registration did not prevail. Grana agreed to the plea bargain and specifically stated that he intended to "honor and complete the sentence that is given to me." Further, he obtained the full benefit of the plea bargain, obtaining dismissal of four of the original seven burglary charges. This agreement is sufficient to bring Grana's case within § 46-23-512, MCA and is sufficient to authorize the District Court to require registration.

¶14 There is no issue that Grana agreed to the registration requirement in the plea agreement. In his motion for declaratory ruling in 2007, he expressly acknowledged that he agreed to register even though burglary was not an enumerated offense requiring registration as a sexual offender. The District Court was therefore authorized as a matter of law to impose the registration requirement.

¶15 Issue Two: *Whether the District Court properly restricted Grana's access to the internet*. Each of the three sentences imposed upon Grana since 2001 have restricted his access to the internet. These restrictions were based upon his extensive use of the

5

internet to access and store pornography. The revocation of his suspended or deferred sentences was based in part upon his failure to comply with restrictions upon internet access and his attempts to hide his activity. The judgment of October 9, 2008, contained a condition that "[t]he defendant shall not have access to the internet." This condition is similar to the restriction in the prior two sentencing judgments except that it does not allow Grana's therapist or probation officer to permit him to access the internet. Grana contends that this restriction is invalid because it prohibits him from accessing the internet for life rather than only during the period he will be on probation. He challenges only the duration of the restriction.

¶16 Grana points to statements by the District Court at sentencing that Grana would "never" have access to the internet. While the written sentence does not contain a "forever" term to the internet restriction, Grana argues that the District Court's oral pronouncements govern and that the restriction is invalid because it extends beyond the term of the underlying sentence itself.

¶17 We construe the internet restriction in the judgment of October 9, 2008 as a condition of probation that applies only so long as Grana is subject to probationary conditions. Section 46-18-201(4), MCA, allows a court to impose "any reasonable restrictions or conditions during the period of the deferred imposition or suspension of sentence." Any oral comments by the District Court must be considered in light of the wording of the written judgment and in light of § 46-18-201(4), MCA. The State acknowledges that the internet access restriction applies only so long as Grana is on probation pursuant to the sentence imposed by the District Court.

6

¶18   We therefore affirm the District Court's sentence.


                                        /S/ MIKE McGRATH

We concur:


/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ BRIAN MORRIS
/S/ JIM RICE