DA 10-0071

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 196

STATE OF MONTANA,

       Plaintiff and Appellee,

 v.

GEORGE WILLIAM PARRISH,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC 01-355A
Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              George William Parrish, self-represented, Deer Lodge, Montana

       For Appellee:

              Steve Bullock, Montana Attorney General; Jennifer Anders, Assistant
Attorney General, Helena, Montana

              Ed Corrigan, Flathead County Attorney; Lori A. Adams, Deputy County
Attorney, Kalispell, Montana

Submitted on Briefs:  August 4, 2010

Decided:  September 14, 2010

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1    A jury in the Eleventh Judicial District Court, Flathead County, convicted George Parrish of two counts of sexual intercourse without consent and two counts of sexual assault and the District Court sentenced Parrish accordingly. Parrish moved the District Court to amend the judgment and remove the requirement that he complete Phase II sex offender treatment before becoming eligible for parole. Parrish claims that the disclosures required by Phase II treatment violated his constitutional rights. The District Court denied his motion because it was time barred. Parrish appeals and we affirm.

¶2    The sole issue is whether the District Court erred when it denied Parrish's motion to amend his judgment because it was time barred.

**BACKGROUND**

¶3    In September 2003, a jury convicted George Parrish of two counts of sexual intercourse without consent and two counts of sexual assault for an incident involving Parrish's stepdaughters, both of whom were under the age of sixteen at the time of the offense. The District Court sentenced Parrish to sixty years in the Montana State Prison, with twenty-five years suspended. Parrish was ineligible for parole for ten years and was required to complete Phases I and II of sex offender treatment prior to becoming eligible for parole.

¶4    Parrish appealed his conviction on procedural grounds unrelated to his sentence. We affirmed the conviction but remanded for the limited purpose of reassessing witness costs. *See State v. Parrish*, 2005 MT 112, 327 Mont. 88, 111 P.3d 671 (hereinafter *Parrish I*). The

2

District Court entered an amended judgment that complied with this Court's opinion on December 13, 2006.

¶5 Parrish completed Phase I and then began Phase II of the sex offender treatment in 2009. Parrish refused to disclose his offending history regarding the four offenses for which he was convicted—a requirement for completion of the treatment—because, according to Parrish, "I have maintained since the day I was charged, I did not commit these crimes." Parrish was suspended from the program in November 2009 as a result of his refusal to cooperate.

¶6 After his suspension, Parrish filed a motion to amend the judgment in December 2009, in which he asked the District Court to remove the requirement that he complete Phase II because it violated his Fifth Amendment, due process, and equal protection rights. The District Court denied his motion because under § 46-18-116, MCA, a judgment may only be modified within 120 days of the final pronouncement of sentence, and Parrish filed his motion more than 120 days after the court entered the amended judgment in December 2006.

¶7 On appeal, Parrish reiterates his arguments that requiring him to admit the actions for which he was convicted is a violation of his Fifth Amendment right against self incrimination. He also contends that his due process rights were violated when he was denied access to a meeting where treatment providers discussed their decision to suspend him from the sex offender treatment. Finally, he argues that the court treated similarly situated offenders differently by offering them options other than the Phase II sex offender treatment which violated his equal protection rights.

**STANDARD OF REVIEW**

3

¶8 This Court reviews a district court's denial of a petition for post-conviction relief to determine whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *State v. Root*, 2003 MT 28, ¶ 7, 314 Mont. 186, 64 P.3d 1035.

## DISCUSSION

¶9 *Did the District Court err when it denied Parrish's motion to amend his judgment because it was time barred?*

¶10 A legal sentence, once imposed, cannot be amended unless the amendment is authorized by statute. *State v. Hanners*, 254 Mont. 524, 526, 839 P.2d 1267, 1268 (1992). The court may modify a judgment if there is a discrepancy between the written and oral judgment, as long as the request to modify is made within 120 days after the filing of the written judgment. Section 46-18-116(2), MCA. The court may also correct a factually erroneous sentence or judgment at any time and illegal sentences must be addressed in the manner provided by law for appeal and post-conviction relief. Section 46-18-116(3), MCA. A defendant who claims that a sentence was imposed in violation of the constitution or the laws of this state or the United States may petition the court that imposed the sentence to vacate, set aside, or correct the sentence. Section 46-21-101, MCA. This petition for relief may be filed at any time within one year of the date that the conviction becomes final. A conviction becomes final when, *inter alia*, the time for an appeal to this Court expires. Section 46-21-102, MCA. This Court must take an appeal from a judgment entered pursuant to § 46-18-116, MCA, within 60 days after entry of the judgment from which an appeal is taken. M. R. App. P. 4(5)(b)(i).

4

¶11 Parrish's motion to amend his judgment is essentially a petition for post-conviction relief. The latest possible date that Parrish's conviction was final is February 11, 2007,[1] sixty days after the District Court entered its amended judgment on December 13, 2006. Parrish filed his motion to amend on December 14, 2009, which is more than a year after Parrish's time for appeal to this Court expired. Although our reasoning differs from the District Court, we affirm its decision to deny Parrish's motion to amend his judgment because it was untimely. *See State v. Wilkins*, 2009 MT 99, ¶ 5, 350 Mont. 96, 205 P.3d 795 (affirming the district court because it reached the right result for the wrong reason).

**CONCLUSION**

¶12 The District Court did not err when it denied Parrish's motion to amend his judgment.

¶13 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON

---

[1] By using the District Court's amended judgment as a starting point for our calculation for when Parrish's conviction becomes final, we are simply assuming a possible date in a light most favorable to Parrish without making any judgments on whether the amended judgment is the appropriate time of conviction under § 46-21-102, MCA.

5