

DA 10-0637

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 254

CITY OF BILLINGS,

      Plaintiff and Appellee,

  v.

LESLIE L. STAEBLER,

      Defendant and Appellant.


APPEAL FROM:    District Court of the Thirteenth Judicial District,
                    In and For the County of Yellowstone, Cause No. DC 10-244
                    Honorable Susan P. Watters, Presiding Judge


COUNSEL OF RECORD:

      For Appellant:

            Joslyn Hunt, Chief Appellate Defender, Helena, Montana

      For Appellee:

            Steve Bullock, Montana Attorney General, John Paulson, Assistant
            Attorney General, Helena, Montana

            Stacy R. Tenney, Deputy City Attorney, Billings, Montana


                    Submitted on Briefs:  September 7, 2011

                              Decided:  October 11, 2011


Filed:

                _____
                          Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Leslie Staebler was convicted by a jury in Billings Municipal Court of misdemeanor driving while intoxicated and violation of the seatbelt law. He appealed his convictions to the Thirteenth Judicial District Court. The District Court affirmed the Municipal Court. He appeals the District Court's Order and Memorandum Affirming the Municipal Court Judgment. We affirm.

**ISSUE**

¶2 A restatement of the dispositive issue on appeal is:

¶3 Did the District Court err in affirming the Municipal Court judgment?

**FACTUAL AND PROCEDURAL BACKGROUND**

¶4 Near midnight on January 21, 2010, Staebler was driving his vehicle eastbound on Monad Road approaching the intersection with 19th Street West in Billings, Montana. Officer Idhe with the Billings Police Department witnessed Staebler cross the path of an oncoming vehicle to turn onto 19th Street West. The oncoming vehicle had to brake abruptly to avoid a collision. Idhe then followed Staebler, and saw him weave in his lane of travel, drive 15 miles per hour below the speed limit, fail to stop at an intersection until well into its center, and fail to use his turn signal when turning. Idhe activated his vehicle lights and siren and Staebler traveled another two blocks before pulling over, at which time he parked on the sidewalk rather than the street. Idhe noted that Staebler's eyes were glassy and bloodshot and he smelled heavily of alcohol. Staebler admitted to drinking prior to driving. He failed the sobriety tests in the field and, while performing somewhat better approximately one hour later at the DUI Center, he continued to show

2

signs of impairment. He refused to provide a breath sample both in the field and at the DUI Center.

¶5 The Municipal Court held a jury trial on April 5, 2010. During voir dire, the City attorney, in response to a juror's reference to "levels of intoxication," commented that the media frequently runs articles pertaining to DUI that reference "somebody that is struck or killed and . . . those are always the extreme, horrendous, things, tragic things that happen." She continued, however, by commenting on what she described as "the other extreme" as well. Later in voir dire, the City attorney permitted a prospective juror to discuss her personal story about the daughter of a friend who had been killed in a DUI accident and how that accident led her to conclude that anyone who has a drink and then drives is acting irresponsibly. The City attorney immediately requested that the prospective juror be excused for cause and the Municipal Court granted the request. Lastly, during rebuttal to Staebler's closing argument, the City attorney questioned how Staebler, who had been drinking and was distracted by his girlfriend while driving, was "going to be aware of a child crossing the street late at night" when he was unable to properly brake for an intersection and an approaching police officer. Staebler's attorney did not object to any of these comments. The jury found Staebler guilty on both charges.

¶6 After retaining new counsel, Staebler appealed to the District Court, arguing the City attorney's comments constituted trial error that deprived him of a fair trial before an impartial jury. He urged the District Court to review the case under the common law plain error doctrine and also alleged ineffective assistance of counsel. The District Court concluded that the challenged statements by the City attorney were unfairly prejudicial.

3

The court then analyzed the effectiveness of trial counsel and found that counsel had erred by failing to object to the City's comments. However, the court concluded that Staebler was not prejudiced by counsel's error because the City presented "overwhelming evidence" of Staebler's guilt. The District Court therefore affirmed the Municipal Court decision.

¶7     Staebler appeals.

## STANDARD OF REVIEW

¶8     A district court's review on an appeal from a lower court of record is no broader than this Court's review of a lower court judgment. Accordingly, we review the case as if the appeal had originally been filed in this Court. We examine the record independently, reviewing the trial court's findings of fact under the clearly erroneous standard, its discretionary rulings for abuse of discretion, and its legal conclusions and mixed questions of law and fact under the de novo standard. Our ultimate determination is whether the district court, in its review of the trial court's decision, reached the correct conclusions under the appropriate standards of review. *Stanley v. Lemire*, 2006 MT 304, ¶ 26, 334 Mont. 489, 148 P.3d 643 (citations omitted).

¶9     Additionally, we will affirm the district court when it reaches the right result, even if it reaches the right result for the wrong reason. *State v. Shepard*, 2010 MT 20, ¶ 9, 355 Mont. 114, 225 P.3d 1217 (citation omitted).

## DISCUSSION

¶10    *Did the District Court err in affirming the Municipal Court judgment?*

¶11　It is well established that this Court generally will not review an issue raised for the first time on appeal. Without a specific and contemporaneous objection before the trial court, the appellant simply has not preserved his or her claim of error for appeal. *State v. Pol*, 2008 MT 352, ¶ 16, 346 Mont. 322, 195 P.3d 807. However, we have invoked the common law plain error doctrine to discretionarily review claimed errors that implicate a criminal defendant's fundamental constitutional rights—even if no contemporaneous objection is made—where failing to review the claimed error may result in a "manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process." *State v. Finley*, 276 Mont. 126, 915 P.2d 208 (1996), *overruled in part on other grounds by State v. Gallagher*, 2001 MT 39, ¶ 21, 304 Mont. 215, 19 P.3d 817. Staebler requests that we invoke plain error review. However, that doctrine is inapplicable where—as we conclude below—no reversible error was committed during trial.

¶12　Staebler's first allegation of error pertains to the City attorney's response to a prospective juror's question about "levels of intoxication." The City attorney referenced DUI newspaper stories that frequently and dramatically report deaths that are occasioned by drunk drivers. She also addressed the less extreme cases involving drivers who had a few drinks and were stopped by an experienced officer upon witnessing slightly impaired driving. We find nothing in her comments that served to unfairly imply either that Staebler's conduct was any worse than it actually was or that it involved death or serious

injury. When explaining the gradations, or levels, of intoxication, the City attorney merely discussed both extremes. This was not error.

¶13 Staebler's second claim of error pertained to a discussion between the City attorney and a prospective juror regarding the prospective juror's friend whose daughter had been killed in a DUI accident. This discussion was not lengthy and it allowed the City to determine that the prospective juror should be removed for cause. We see nothing in the record indicating that other members of the jury were inflamed or prejudiced against Staebler by the completely unpredictable comments of this juror.

¶14 The purpose of voir dire in a criminal proceeding is to ensure a defendant's right to a fair trial by a panel of impartial jurors. Voir dire allows trial counsel to adequately question prospective jurors to determine whether a juror should be challenged for cause. *State v. Lamere*, 2005 MT 118, ¶ 15, 327 Mont. 115, 112 P.3d 1005. As we noted in *Lamere*, "it is incumbent on defense counsel to develop information in the record that demonstrates a juror's bias as to a party or an issue in the case." *Lamere*, ¶ 15. We conclude that counsel for the City did not err in her questioning and dialog with prospective jurors during voir dire.

¶15 We next address whether counsel erred during rebuttal to Staebler's closing argument when she inferred that because Staebler was not able to brake appropriately for oncoming traffic, a stop sign, or an approaching police officer with lights and a siren, that he would not have been able to brake properly had a child been playing in the road at midnight on the night in question. While this comment possibly introduced a horrific image into the minds of the jurors, we nonetheless determine it was not reversible error.

6

Attorneys are given some latitude in closing arguments as we recognize that jurors are fully capable of distinguishing between evidence to be weighed and statements by counsel. *Cooper v. Hanson*, 2010 MT 113, ¶ 54, 356 Mont. 309, 234 P.3d 59 (McGrath, C.J., specially concurring). It was apparent to the jury that Staebler had not been charged with striking or killing a child while driving impaired and that the jury was deciding a DUI case that was "less extreme" than the inference posited by counsel.

¶16 Additionally, as observed by the Municipal and District Courts, the jury was presented with "overwhelming evidence" of Staebler's guilt of DUI and failure to wear his seatbelt. The arresting officer offered convincing testimony as discussed in ¶ 4 above from which the jury could determine Staebler's guilt and reach its guilty verdict.

¶17 As we have determined that the statements Staebler challenged do not constitute error and his right to a fair trial was not violated, we need not address his claim of ineffective assistance of counsel.

¶18 As noted above, we will affirm a district court when it reaches the right result even if it reaches such a result for the wrong reasons. Both the Municipal and District Courts determined Staebler's fundamental right to a fair trial was not violated. While we disagree with the courts' reasoning, we agree with the ultimate conclusion. We affirm.

/S/ PATRICIA COTTER

We concur:

/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ JIM RICE
/S/ JAMES C. NELSON