DA 12-0083

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT197N

GERALD STIFFARM,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Twelfth Judicial District,
                    In and For the County of Hill, Cause No. DV 11-098
                    Honorable John C. McKeon, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Gerald J. Stiffarm, self-represented; Great Falls, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Micheal S. Wellenstein,
          Assistant Attorney General; Helena, Montana

          Gina Dahl, Hill County Attorney; Havre, Montana

Submitted on Briefs:  July 18, 2012

Decided:  September 5, 2012

Filed:

                                     
                            Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Gerald Stiffarm appeals an order of the District Court for the Twelfth Judicial District, Hill County, dismissing his Petition for Post Conviction Relief. We affirm.

¶3 In August 2004, Stiffarm pled guilty to third offense partner/family member assault (PFMA), a felony. Then, in February 2006, Stiffarm pled guilty to failure to register as a violent offender, a charge based in part on Stiffarm's 2004 PFMA conviction. Stiffarm failed to appeal either conviction.

¶4 In February 2008, appearing pro se, Stiffarm filed an Affidavit/Motion to Amend the Judgment and Sentence of both his 2004 and 2006 convictions. The motion cited, but never disclosed, "newly discovered evidence" regarding his first PFMA conviction—which occurred in 1993—that would make his subsequent felony convictions illegal. The District Court treated his motion as a petition for postconviction relief and denied it on March 13, 2008, as time barred and legally insufficient. Stiffarm failed to appeal that order. He did, however, file a petition for writ of habeas corpus with this Court; we denied and dismissed that petition on June 2, 2008.

2

¶5     On August 18, 2011, Stiffarm filed a document with the District Court titled "Petition For Post Conviction Relief." The petition again cited "newly discovered evidence" and alleged that his 1993 PFMA conviction occurred after he entered a guilty plea "without the benefit of counsel." Stiffarm supported his allegation by attaching a misdemeanor ticket that allegedly established that Stiffarm's counsel was allowed to withdraw on April 6, 1993, nine days before Stiffarm pled guilty to the PFMA charge. Stiffarm argued that, because the misdemeanor ticket does not affirmatively indicate that he was appointed new counsel prior to pleading guilty, the 1993 conviction is constitutionally infirm and cannot be used to elevate his 2004 PFMA conviction to a felony. Stiffarm also requested the District Court to allow him to withdraw his 2004 and 2006 guilty pleas.

¶6     The District Court dismissed Stiffarm's petition on November 25, 2011, because the petition was procedurally barred as a second petition under § 46-21-105(1)(b), MCA. The court also determined that Stiffarm lacked good cause to withdraw his 2004 and 2006 guilty pleas. On January 20, 2012, the District Court denied Stiffarm's motion to be appointed counsel for this appeal.

¶7     Stiffarm appeals, asserting that the District Court impermissibly treated his August 18, 2011 Petition for Post Conviction Relief as a second petition because that petition did not have the word "second" in its caption and he had never filed a petition for postconviction relief in the past. Alternatively, Stiffarm argues that the 2011 petition

3

should be treated as an amendment of his 2008 petition, which the District Court previously denied. We find those arguments unpersuasive.

¶8      It is well-established that "once a valid judgment and sentence have been signed, the court imposing that sentence [has] no jurisdiction to vacate or modify it except as provided by statute." *State v. Hanners*, 254 Mont. 524, 526, 839 P.2d 1267, 1268 (1992). A defendant who "claims that a sentence was imposed in violation of the constitution or the laws of this state or the United States may petition the court that imposed the sentence to vacate, set aside, or correct the sentence" by filing a petition for postconviction relief. *State v. Parrish*, 2010 MT 196, ¶ 10, 357 Mont. 375, 239 P.3d 957 (citing § 46-21-101, MCA). The District Court properly treated Stiffarm's 2008 "Affidavit/Motion to Amend Sentence and Judgment" as a petition for postconviction relief. *Parrish*, ¶ 11. Stiffarm's 2011 "Petition for Post Conviction Relief" was a second attempt to file that petition. Judge McKeon correctly determined that the second petition for postconviction relief was procedurally barred because it did not raise grounds for relief "that could not reasonably have been raised in the original or an amended original petition." Section 46-21-105(1)(b), MCA.

¶9      Stiffarm's argument in the alternative that his 2011 "Petition for Post Conviction Relief" should be treated as an amendment of his 2008 "Affidavit/Motion to Amend Sentence and Judgment" similarly is lacking. Stiffarm fails to cite any authority for the proposition that a petitioner may amend a petition three years after it was denied for being time barred and legally insufficient. Section 46-21-105(1)(a), MCA, provides for a

4

district court to "set a deadline for the filing of an amended original petition." Although the record before us does not indicate whether the District Court set a deadline, Stiffarm has not demonstrated that his 2011 "Petition for Post Conviction Relief" should have been treated as an amended petition under any reasonable construction of the statute.

¶10 Stiffarm also contends that the District Court erred when it denied his request to withdraw his 2004 and 2006 guilty pleas. He alleges that those guilty pleas should be withdrawn because they were "influenced by counsel's misrepresentation and ineffectiveness." The District Court determined that Stiffarm "fail[ed] to show good cause for withdrawal of his prior guilty pleas" as required by § 46-16-105(2), MCA. Stiffarm does not provide any basis on appeal as to why the District Court's legal conclusion was incorrect. The District Court did not err when it determined that Stiffarm failed to show good cause for the withdrawal of his guilty pleas as required by statute.

¶11 Finally, Stiffarm argues that the District Court erred when it denied his motion to be appointed counsel for the purposes of appealing the denial of his petition for postconviction relief. A district court is required by statute to appoint counsel to indigent petitioners if "a hearing is required or if the interests of justice require." Section 46-21-201(2), MCA. The interests of justice require that an indigent petitioner be appointed counsel if the petitioner "does not have access to legal materials." Section 46-8-104(2)-(3), MCA. Stiffarm alleges on appeal that he has no access to legal materials. We conclude, however, that because Stiffarm's petition was procedurally barred, the interests of justice did not warrant appointment of counsel on appeal.

5

¶12    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court correctly applied settled Montana law in denying Stiffarm's petition and did not err in refusing to allow him to withdraw his guilty pleas.

¶13    Affirmed.

/S/ BETH BAKER

We concur:

/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON

6