DA 12-0213

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 248N

CYRIL KENNETH RICHARD, II,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Appellee.

APPEAL FROM:     District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV 11-1061
Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Cyril Kenneth Richard, II, self-represented; Deer Lodge, Montana

For Appellee:

Steve Bullock, Montana Attorney General; Mark W. Mattioli,
Appellate Services Bureau Chief; Helena, Montana

Fred Van Valkenburg, Missoula County Attorney; Andrew W. Paul,
Deputy County Attorney; Missoula, Montana

Submitted on Briefs:  September 19, 2012

Decided:  October 30, 2012

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Cyril Kenneth Richard, II, appeals an order of the District Court for the Fourth Judicial District, Missoula County, dismissing his petition for postconviction relief. We affirm.

¶3 After a long night of drinking in February 2008, Richard and Michael Meadows, Richard's roommate, engaged in a knife fight in Richard's apartment. Although both men suffered injuries, Meadows' wounds were fatal. After he realized that Meadows was dead, Richard dumped Meadows' body into the Clark Fork River and, after returning to his apartment, attempted to clean the crime scene.

¶4 Richard originally was charged with deliberate homicide in violation of § 45-5-102, MCA, and tampering with or fabricating physical evidence, in violation of § 45-7-207, MCA. On April 21, 2010, Richard filed a signed plea agreement in which he pleaded guilty to the reduced charges of one count of negligent homicide and two counts of tampering with or fabricating physical evidence. In the written plea agreement, Richard expressly agreed that if any portion of his sentence was suspended, he would "register as a Violent Offender in compliance with Title 46, Chapter 23, Part 5 M.C.A.

2

and give all required notices upon any address change." That condition was included in the District Court's judgment, entered on June 24, 2010. Richard was sentenced to forty years in prison with twenty years suspended.

¶5     Richard did not appeal the court's judgment or sentence, but subsequently he filed a petition for postconviction relief. Richard argued that the District Court erred when it ordered Richard to register as a violent offender because negligent homicide is not listed as a "violent offense" under § 46-23-502(13), MCA. In light of that statute, Richard alleged that the sentencing court "had no statutory authority to impose the sentence" and that the "requirement to register is illegal and in violation of Montana Sentencing Law." The District Court denied Richard's petition because it concluded that "[t]he crime for which the Defendant was convicted was violent" and supported the condition that he be required to register.

¶6     Richard appeals, raising the same arguments he presented to the District Court. The State counters by asserting that "[t]he district court's denial of postconviction relief must be affirmed because Richard agreed to register as expressly authorized by [§ 46-23-512]."

¶7     A defendant who "claims that a sentence was imposed in violation of the constitution or the laws of this state or the United States may petition the court that imposed the sentence to vacate, set aside, or correct the sentence" by filing a petition for postconviction relief. *State v. Parrish*, 2010 MT 196, ¶ 10, 357 Mont. 375, 239 P.3d 957 (citing § 46-21-101, MCA). "We review a district court's denial of a petition for

3

postconviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct." *Sanchez v. State*, 2012 MT 191, ¶ 12, 366 Mont. 132, 285 P.3d 540 (citation omitted).

¶8 Richard correctly notes that negligent homicide is not included among the discrete set of offenses for which registration as a violent offender is required. Section 46-23-502(13), MCA. Montana law, however, allows for broader application if the defendant agrees. *State v. Grana*, 2009 MT 250, ¶ 13, 351 Mont. 499, 213 P.3d 783. Under § 46-23-512, MCA:

> A defendant convicted of an offense that would otherwise not be subject to registration under this part may agree to comply with the registration requirements of this part as part of a plea agreement, and a court accepting the plea agreement may order the defendant to comply with this part.

¶9 It is evident that in the plea agreement that he signed and filed with the District Court, Richard agreed that if any portion of his sentence was suspended he would register as a violent offender. We therefore hold that the District Court was authorized as a matter of law to impose the registration requirement. *Grana*, ¶ 14.

¶10 Although Richard contends that on June 16, 2010, he "filed timely written objections to . . . the PSI-based recommendation that Richard be required to register as a violent offender as a condition of probation," that argument overlooks the plea agreement that he signed and filed with the court on April 21, 2010. Since Richard's agreement to register renders his sentence lawful under § 46-23-512, MCA, he is not entitled to postconviction relief. We have determined to decide this case pursuant to Section I,

4

Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. We will not disturb the District Court's decision, though reached on different grounds. *See State v. Ellison*, 2012 MT 50, ¶ 8, 364 Mont. 276, 272 P.3d 646.

¶11 Affirmed.

/S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JIM RICE