DA 13-0692

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 147N

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

BRIAN JOSEPH SPINKS,

        Defendant and Appellant.


APPEAL FROM:    District Court of the Eighteenth Judicial District,
                   In and For the County of Gallatin, Cause No. DC 03-288
                   Honorable Holly Brown, Presiding Judge


COUNSEL OF RECORD:

        For Appellant:

                Brian Joseph Spinks, self-represented, Great Falls, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, Brenda K. Elias, Assistant
                Attorney General, Helena, Montana

                Marty Lambert, Gallatin County Attorney, Todd Whipple, Deputy County
                Attorney, Bozeman, Montana


                            Submitted on Briefs:  May 8, 2014
                                     Decided:  June 3, 2014

Filed:

                                _____
                                          Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Spinks appeals from the District Court's Order Denying Motion Challenging Validity of Conviction and Closing Case, filed September 23, 2013. We affirm.

¶3 In 2000 Spinks was involved in an assault against the woman who was then his spouse. The State charged him with misdemeanor partner or family member assault for striking her in the nose, and two days later Spinks pled guilty to that offense. Law enforcement officers subsequently interviewed the victim and learned that after Spinks hit her in the nose she attempted to escape from him and he chased her down a road. The victim also reported that Spinks brought her back to the residence and forced her to have sexual intercourse without consent. The State then charged Spinks with two felony counts of sexual intercourse without consent.

¶4 Spinks and the State subsequently entered a plea agreement on those charges in which he agreed to plead to amended charges of misdemeanor partner or family member assault and negligent endangerment. In December 2003 the District Court accepted Spinks' plea and sentenced him to five years with the Department of Corrections, all suspended, and ordered him to have no contact with the victim. In November 2007 the District Court revoked Spinks' suspended sentence based upon unauthorized contact with the victim, and sentenced him to four years with the Department of Corrections. Spinks did not appeal.

¶5     Spinks subsequently filed a petition for postconviction relief challenging the validity of the PFMA conviction that followed from the plea agreement.  He contended that the second PFMA conviction violated his right to not be exposed to double jeopardy because it arose from the same event as the misdemeanor PFMA charge that he pled guilty to in 2000. The District Court denied Spinks' petition and this Court affirmed.  *State v. Spinks*, 2013 MT 150N, 370 Mont. 554, 311 P.3d 444.  We agreed with the District Court that Spinks' petition was time-barred pursuant to § 46-21-102(1), MCA.  *Spinks*, ¶ 6.

¶6     Spinks commenced the present action in September 2013 by filing a pleading captioned Motion Challenging Validity of Conviction, arguing that the conviction arising out of his plea agreement in 2003 violated his privilege against double jeopardy.  The District Court denied Spinks' motion and Spinks appeals.

¶7     Spinks' Motion Challenging Validity of Conviction is properly considered as a petition for postconviction relief, regardless of the caption.  *State v. Baker*, 1999 MT 251, ¶ 15, 296 Mont. 253, 989 P.3d 335; *State v. Parrish*, 2010 MT 196, ¶ 11, 357 Mont. 375, 239 P.3d 957.  The conviction that Spinks complains of was final in 2007 and as such is barred by the one-year limitation on petitions for postconviction relief in § 46-23-102, MCA.  We reached the same conclusion in Spinks' last appeal.  *Spinks*, ¶ 6.

¶8     In addition, a defendant who pleads guilty cannot raise independent claims of deprivation of constitutional rights that occurred before the plea.  *Ellenburg v. Chase*, 2004 MT 66, ¶ 21, 320 Mont. 315, 87 P.3d 473. This principle applies to Spinks' claims in the present case.

¶9 While the District Court here relied upon different reasons to deny Spinks' motion, we will uphold a district court if it reaches the right result, as it did here. *State v. Ellison*, 2012 MT 50, ¶ 8, 364 Mont. 276, 272 P.3d 646; *City of Billings v. Staebler*, 2011 MT 254, ¶ 9, 362 Mont. 231, 262 P.3d 1101.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The issues in this case are governed by settled Montana law.

¶11 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JIM RICE
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT