FILED

10/31/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0076

DA 17-0076

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 263N

CITY OF BILLINGS,

> Plaintiff and Appellee,

v.

JOSHUA CARTER,

> Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 16-825
Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

> For Appellant:

> Daniel G. Gillispie, Attorney at Law, Billings, Montana

> For Appellee:

> Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Chelsea Bissell, Student Intern, Helena, Montana

> Teague Westrope, Deputy City Attorney, Billings, Montana

Submitted on Briefs:  September 27, 2017

Decided:  October 31, 2017

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Joshua Carter (Carter) appeals from the Thirteenth Judicial District Court's order denying Carter's motion to suppress evidence, based on his claim that the investigating officer lacked particularized suspicion to make a traffic stop.  We affirm.

¶3     On January 6, 2016, around 2:20 a.m., Carter was pulled over and subsequently arrested by Billings Police Officer Garrett Peterson (Officer Peterson).  As Officer Peterson was driving west on Grand Avenue in Billings, he observed Carter's eastbound car stopped at a green light at the intersection of Grand Avenue and 5th Street.  About twenty-three seconds later, Officer Peterson drove by Carter.  It was at this time that Officer Peterson noticed that Carter was stopped within the boundaries of the crosswalk.  Officer Peterson continued for a short distance before making a U-turn on Grand Avenue.  About twenty seconds later, Officer Peterson pulled up behind Carter and Carter began to move through the intersection.  A moment after Carter pulled forward at the green light, Officer Peterson turned on his lights and pulled Carter over.

¶4     Carter was charged with his third offense of Driving Under the Influence of Alcohol.  On February 23, 2016, Carter moved to suppress and dismiss, alleging Officer

2

Peterson did not have particularized suspicion of Carter to make a traffic stop. On May 4, 2016, the Billings Municipal Court denied Carter's motion. The Municipal Court's decision was affirmed by the District Court on December 13, 2016. Carter appeals.

¶5 Upon Carter's appeal from the Municipal Court, the District Court functioned effectively as an intermediate appellate court. *See* §§ 3-5-303, 3-10-115, MCA. We review the case as if the appeal originally had been filed in this Court. *Stanley v. Lemire*, 2006 MT 304, ¶ 26, 334 Mont. 489, 148 P.3d 643. This Court reviews factual findings of particularized suspicion for clear error and applies those facts to the law for correctness. *City of Missoula v. Sharp*, 2015 MT 289, ¶ 5, 381 Mont. 225, 358 P.3d 204. This Court will affirm the district court when it reaches the right result, even if it reaches the right result for the wrong reason. *City of Billings v. Staebler*, 2011 MT 254, ¶ 9, 362 Mont. 231, 262 P.3d 1101.

¶6 Under Montana law, a police officer is authorized to stop a vehicle "that is observed in circumstances that create a particularized suspicion that the . . . occupant of the vehicle has committed, is committing, or is about to commit an offense." Section 46-5-401(1), MCA. The State must satisfy the particularized suspicion requirement by showing that the police officer had "(1) objective data and articulable facts from which an experienced officer can make certain inferences, and (2) a resulting suspicion that the occupant of [the] vehicle is or has been engaged in wrongdoing . . . ." *State v. Larson*, 2010 MT 236, ¶ 19, 358 Mont. 156, 243 P.3d 1130 (citing *Brown v. State*, 2009 MT 64, ¶ 20, 349 Mont. 408, 203 P.3d 842). A police officer does not need to be certain that an offense has been committed to justify an investigatory stop. *Sharp*, ¶ 8.

3

¶7 Here, Carter sat at a green light for a total of forty-three seconds. His car was also stopped on a crosswalk. Carter remained at the green light even after Officer Peterson passed by him, traveling in the opposite direction. It was only when Officer Peterson was within a couple of car lengths behind Carter that Carter pulled forward. Carter's behavior, based on objective facts, was abnormal and warranted Officer Peterson's suspicion that Carter was impeding traffic pursuant to § 61-8-311, MCA. This occurred around 2:20 a.m., shortly after bars close in Montana. Section 16-3-304, MCA. Officer Peterson also had particularized suspicion that Carter was driving under the influence or was otherwise unsafe on the road. Thus, the District Court correctly concluded that Officer Peterson had particularized suspicion to pull Carter over.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶9 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ MICHAEL E WHEAT
/S/ DIRK M. SANDEFUR
/S/ BETH BAKER
/S/ JIM RICE