FILED

05/28/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0239

DA 22-0239

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 110N

CITY OF BILLINGS,

      Plaintiff and Appellee,

  v.

MERCEDES ANN-NICOLE BENNICK,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC-21-923
Honorable Donald L. Harris, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Charles W. Schuyler, , Schuyler Law Office, PC, Missoula, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Tammy K Plubell, Assistant Attorney General, Helena, Montana

      Gina Dahl, Billings City Attorney, Bethany Honcoop, Deputy City Attorney, Billings, Montana

Submitted on Briefs:  April 24, 2024

Decided:  May 28, 2024

Filed:

                                        Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Mercedes A. Bennick (Bennick) appeals her conviction for misdemeanor driving under the influence, (DUI) entered in the Municipal Court of the City of Billings, and affirmed by the Thirteenth Judicial District Court, Yellowstone County. On January 17, 2021, Bennick was charged in Municipal Court with DUI, in violation of § 61-8-401(1)(a), MCA. Bennick entered a no contest plea following the Municipal Court's June 24, 2021 order denying her motion to suppress. Bennick appealed to the District Court, which affirmed the Municipal Court's order on March 16, 2022. Bennick appeals, arguing that law enforcement did not have particularized suspicion to request she perform a Standard Field Sobriety Test (SFST).

¶3 On January 17, 2021, at about 8:42 p.m., Joshua Ereth (Ereth) called Billings 911 to report a "drunk driver" on Broadwater Avenue in Billings. Ereth gave his name and telephone number to dispatch and gave the license plate number of the vehicle. He described the vehicle as black and thought it was a 2012 Chevy Cruze. Ereth reported to dispatch that the driver was swerving into oncoming traffic and took "ten to fifteen seconds to go after the light turned green." Several minutes later, Ereth called 911 a second time and indicated he again was following the "drunk driver" and that the driver was speeding,

swerving, traveling in the "other lane" almost hitting the curb, and nearly hit another vehicle. Ereth did not want to get close to the vehicle because he believed the driver was dangerous. The vehicle eventually came to a stop with its passenger side wheels up on the curb and its passenger side blinker on. Dispatch relayed Ereth's observations to Officer Eric Stigen (Stigen) who saw the vehicle as it pulled over to the curb. Ereth confirmed with dispatch that Stigen had come to the right vehicle.

¶4 Stigen could see the right front tire up on the curb when he approached the vehicle. Stigen made contact with the driver and identified her as Bennick. She was the only occupant in the car. At first, Stigen did not smell alcohol on Bennick but observed that Bennick's eyes were bloodshot and glassy. Based upon dispatch's reports from Ereth of her erratic driving and her bloodshot and glassy eyes, Stigen asked Bennick to get out of her vehicle so he could conduct some SFSTs. After Bennick got out of the vehicle, Stigen detected a strong odor of alcohol coming from Bennick.

¶5 Bennick argues that there was no particularized suspicion for Stigen to investigate beyond the initial stop and to conduct any SFSTs. Bennick also argues that a picture of her eyes taken later at the police station should not have been admitted into evidence because it was obtained too long after the initial stop.

¶6 "The standard of review of a lower court's denial of a motion to suppress evidence in a criminal case is whether the court's pertinent findings of fact are clearly erroneous and whether it correctly interpreted and applied the applicable law to those facts." *State v. Noli*, 2023 MT 84, ¶ 24, 412 Mont. 170, 529 P.3d 813. "We review cases that originate in justice court and are appealed to district court as if the appeal originally had been filed in this

3

Court." *State v. Gai*, 2012 MT 235, ¶ 11, 366 Mont. 408, 288 P.3d 164 (citations omitted). Thus, this Court will conduct an independent examination of the record apart from the district court's decision to determine whether the district court reached correct conclusions under the appropriate standards of review. *City of Billings v. Staebler*, 2011 MT 254, ¶ 8, 362 Mont. 231, 262 P.3d 1101 (citations omitted). An appeal to a district court from a municipal court judgment is governed by § 3-6-110, MCA. *See also* § 46-17-311(1), MCA.

¶7     An arresting officer may rely on information conveyed by a reliable third person to form the particularized suspicion necessary to justify an investigative stop. *State v. Pratt*, 286 Mont. 156, 162, 951 P.2d 37, 41 (1997). To determine the reliability of a third person report and thus the sufficiency of an officer's particularized suspicion based on that report, this Court has adopted three factors to use in its evaluation. *State v. Clawson*, 2009 MT 228, ¶ 11, 351 Mont. 354, 212 P.3d 1056. The factors are: (1) whether the informant identified themselves to the authorities; (2) whether the informant's report is based on personal observation; and (3) whether the officer's observations corroborate the informant's information. *Pratt*, 286 Mont. at 164-65, 951 P.2d at 42-43.

¶8     It is clear from the record that Ereth was a reliable third party and that Stigen could use Ereth's reporting to form particularized suspicion that Bennick was DUI. Ereth identified himself and gave his contact information to dispatch. He reported Bennick's erratic driving as the events were unfolding and confirmed that Stigen had the right vehicle. Finally, Stigen observed that the vehicle was stopped with a wheel on the curb at the location Ereth said it was and that Bennick had bloodshot, glassy eyes. Ereth personally observed and reported in real time Bennick's dangerous driving for over nearly ten

4

minutes. Stigen had particularized suspicion to administer SFSTs based on Ereth's credible reports and because Stigen corroborated Ereth's reports, and personally observed Bennick had bloodshot and glassy eyes.

¶9 We have explained that "particularized suspicion for the initial stop may also serve as the necessary particularized suspicion for the administration of field sobriety tests, providing the basis for the initial stop was of the nature that would lead an officer to believe that the driver was intoxicated." *Hulse v. DOJ, Motor Vehicle Div.*, 1998 MT 108, ¶ 39, 289 Mont. 1, 961 P.2d 75. Here, dispatch reported to Stigen that Ereth was observing a "drunk driver" who had almost hit a car and was traveling into oncoming traffic. Stigen personally observed and testified to Bennick's bloodshot and glassy eyes. The photographs of Bennick's eyes taken later at the police station were not necessary to establish particularized suspicion of DUI and the administration of SFSTs. Stigen's testimony that Bennick's eyes were bloodshot and glassy, together with the events Ereth had reported, was sufficient particularized suspicion to administer SFSTs. The photograph only corroborated Stigen's testimony.

¶10 The District Court's order affirming the Municipal Court's order denying Bennick's motion to suppress is affirmed.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶12 Bennick's conviction is affirmed.

5

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE